IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

O&M HALYARD, INC. &                        )
OWENS & MINOR DISTRIBUTION, INC.,   )
                                                           )
                                                           )  Case No. 1:25-cv-01568-AJT-WBP
                                                           )
            Plaintiffs,                              )
                                                           )                Jury trial demanded
vs.                                                      )
                                                           )
GUIDEPOINT GLOBAL LLC,                  )

            Defendant.

---

### FIRST AMENDED COMPLAINT

Plaintiffs O&M Halyard, Inc. ("Halyard") and Owens & Minor Distribution, Inc. ("O&M Distribution") (collectively, "Plaintiffs"), hereby bring this action against Guidepoint Global LLC ("Defendant" or "Guidepoint"), asserting the following:

### NATURE OF THE ACTION

1.        Halyard and its predecessors have used a group of registered trademarks involving the word element "QSight" to identify their products and services in the healthcare industry for fifteen years before Guidepoint began using substantially identical marks in the same field.  In a remarkable and erroneous decision, the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("TTAB") opted to enforce Guidepoint's infringing trademarks and cancel Halyard's prior established trademarks.  Accordingly, this lawsuit is: (a) an appeal from the decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("TTAB") under 15 U.S.C. § 1071(b)(1) and 37 CFR § 2.145, and (b) a civil action for trademark infringement, false designation of origin, trademark counterfeiting, trademark dilution, and unfair

competition under the Lanham Act, 15 U.S.C. § 1051, *et. seq.*, Virginia statutory law, Virginia common law, and for declaratory relief.

2.     Halyard seeks reversal of the TTAB decision in the consolidated cancellation proceeding *O&M Halyard v. Guidepoint Global, LLC*, Consolidated Cancellation Nos. 92077680 (parent) and 92078922 (TTAB July 25, 2025) dismissing Halyard's petition to cancel Guidepoint's marks QSIGHT (U.S. Registration No. 6285787) and GUIDEPOINT QSIGHT (U.S. Registration No. 6231233); granting Guidepoint's counterclaim to cancel Halyard's QSIGHT marks (U.S. Registration No. 5739878 and 6357539); and finding that no likelihood of confusion exists between, on the one hand, Halyard's common law rights in marks containing the word element QSIGHT, Halyard's registered marks QSIGHT RFID and QSIGHT KANBAN, and Halyard's applied-for marks QSIGHT DNA and QSIGHT SMART SCAN and, on the other hand, Guidepoint's QSIGHT and GUIDEPOINT QSIGHT marks.

3.     Additionally, Halyard seeks equitable and monetary relief due to Guidepoint's willful violations of Halyard's trademark rights in its QSIGHT family of trademarks, and Plaintiffs Halyard and O&M Distribution seek a declaratory judgment that Halyard is the owner of each of the Halyard QSIGHT trademarks.

**<u>PARTIES</u>**

4.     Plaintiff O&M Halyard, Inc. is a Virginia corporation engaged in the business of manufacturing and selling medical equipment, providing inventory management and data analytics, and computer services.

5.     Plaintiff Owens & Minor Distribution, Inc. is a Virginia corporation engaged in selling and distributing medical equipment, providing inventory management, data analytics, and computer services.

6.      Defendant Guidepoint Global, LLC is a New York Limited Liability Company with a principal place of business of 675 Avenue of the Americas, New York, NY 10010.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this civil action pursuant to Section 21 of the Lanham Act, 15 U.S.C. § 1071(b), which provides review of a TTAB decision in either the Federal Circuit or in any United States District Court.  Furthermore, this Court has jurisdiction over the Lanham Act violations under 28 U.S.C. §§ 1331 and 1338(a) because these claims involve a federal question and arise under an act relating to trademarks.

8.      This Court has supplemental jurisdiction over Halyard's claims under Virginia statutory and common law pursuant to 28 U.S.C. § 1367(a) because these claims are part of the same case or controversy as the federal claims over which the Court has original jurisdiction.

9.      Finally, the Court has subject matter jurisdiction over Halyard and O&M Distribution's declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, because this case meets the constitutional case or controversy requirement and presents a valid basis for subject matter jurisdiction.

10.      This Court has personal jurisdiction over Defendant with regard to the review of the TTAB decision pursuant to 15 U.S.C. § 1071(b).  As to the remaining claims, the Court has pendent personal jurisdiction over Defendant because Plaintiffs' additional claims arise from a common nucleus of operative facts as the § 1071 TTAB appeal.  Furthermore, this Court has personal jurisdiction over Defendant under the Virginia Long-Arm Statute (§ 8.01-328.1), as Defendant transacts business in the State of Virginia and the exercise of such jurisdiction is consistent with due process under the United States Constitution.  Additionally, Defendant has minimum contacts within the State of Virginia and the Eastern District of Virginia, and

3

Defendant's contacts with the State of Virginia arise from, or are directly related to, Plaintiffs' causes of action.

11.     Venue is proper pursuant to 15 U.S.C. § 1071(b), which provides review of a TTAB decision in the Eastern District of Virginia where, as here, the adverse parties reside in districts not embraced within the same state.

**Factual Allegations:**
**Halyard and its QSIGHT Family of Trademarks**

12.     Owens & Minor, Inc. ("O&M") is the parent company of Plaintiff Halyard and Plaintiff O&M Distribution, Inc.  O&M is a Fortune 500 global healthcare solutions company that has been connecting patients, providers, and communities through its products and services for over 140 years.  O&M has a robust product portfolio and owns numerous healthcare-related subsidiaries, including Plaintiffs.

13.     Halyard is a medical products company specializing in manufacturing and selling medical apparel and equipment, as well as providing complementary inventory management, data analytics, and computer services related to medical goods and services.

14.     Halyard is the sole owner of the QSIGHT brand and the inherently distinctive family of QSIGHT trademarks, including the following trademark registrations, applications, and common law marks:

a.     QSIGHT®, U.S. Registration No. 5739878, for "clinical inventory management services" in International Class 35.  The USPTO issued the trademark registration on April 30, 2019, and Halyard and its predecessors in interest have been continuously and exclusively using the mark since at least December 31, 2002.  A copy of the trademark's registration certificate is attached hereto as Exhibit "**A**."

4

b.      QSIGHT®, U.S. Registration No. 6357539, for "computer services, namely, providing web-based non-downloadable software for clinical inventory management" in International Class 42.  The USPTO issued the trademark registration on May 18, 2021, and Halyard has been continuously and exclusively using the mark since at least January 2021.  A copy of the trademark's registration certificate is attached hereto as Exhibit "**B**."

c.      QSIGHT RFID®, U.S. Registration No. 7213585, for "inventory management in the field of healthcare" in International Class 35 and "computer services, namely, providing web-based non-downloadable software for RFID inventory management" in International Class 42.  The USPTO issued the trademark registration on November 7, 2023, and Halyard has been continuously and exclusively using the mark since at least 2020.  A copy of the trademark's registration certificate is attached hereto as Exhibit "**C**."

d.      QSIGHT KANBAN®, U.S. Registration No. 7262805, for "clinical inventory management services" in International Class 35.  The USPTO issued the trademark registration on January 2, 2024, and Halyard has been continuously and exclusively using the mark since at least August 2022.  A copy of the trademark's registration certificate is attached hereto as Exhibit "**D**."

e.      QSIGHT DNA™, U.S. Serial No. 88912543, for "business consulting services in the field of data analytics and predictive analytics" in International Class 35.  Halyard filed the intent-to-use application on May 12, 2020.  A copy of the trademark's application is attached hereto as Exhibit "**E**."

f.      QSIGHT SMART SCAN™, U.S. Serial No. 99356178, for "clinical inventory management services" in International Class 35 and "computer services, namely, providing web-based non-downloadable software for clinical inventory management" in

5

International Class 42.   Halyard filed the intent-to-use application on August 25, 2025.  A copy of the trademark's application is attached hereto as Exhibit "**F**."

g.    QSIGHT COMMUNITY™, U.S. Serial No. 99008990, for "inventory management in the filed of healthcare" in International Class 35 and "computer services, namely providing web based software for inventory management" in International Class 42. Halyard filed the intent-to-use application on January 17, 2025. A copy of the trademark's application is attached hereto as Exhibit "**G**."

h.    QSIGHT™ (stylized), U.S. Serial No. 99194095, for "Providing on-line non-downloadable software for clinical inventory management; Software as a service (SAAS) services featuring software for clinical inventory management" in International Class 42. Halyard first used the mark at least as early as May 1, 2025, and filed its intent-to-use application on May 20, 2025. A copy of the trademark's application is attached hereto as Exhibit "**H**."

i.    QSIGHT PRISM™, U.S. Serial No. 99473576, for "inventory management in the field of healthcare; bid and payment management, benchmarking data analysis, contract management and vendor management, payment services, data analysis for medical supply availability, supplies ordering input" in International Class 35 and "providing on-line non-downloadable software for clinical inventory management; Software as a service (SAAS) services featuring software for clinical inventory management" in International Class 42. Halyard filed an intent-to-use application on October 31, 2025. A copy of the trademark's application is attached hereto as Exhibit "**I**."

j.    QSIGHT INSIGHT™, U.S. Serial No. 99009643, for "Inventory management in the field of healthcare" in International Class 35 and "computer services, namely providing web based software for inventory management" in International Class 42.  Halyard filed

an intent-to-use application on January 17, 2025. A copy of the trademark's application is attached hereto as Exhibit "**J**."

k.    QSIGHT MARKETPLACE™, U.S. Serial No. 99009574, for "inventory management in the field of healthcare" in International Class 35 and "computer services, namely providing temporary use of web based software for inventory management" in International Class 42. Halyard filed an intent-to-use application on January 17, 2025. A copy of the trademark's application is attached hereto as Exhibit "**K**."

l.    QSIGHT VISION™, U.S. Serial No. 99009095, for "Inventory management in the field of healthcare" in International Class 35 and "computer services, namely providing web based software for inventory management" in International Class 42. Halyard filed an intent-to-use application on January 17, 2025. A copy of the trademark's application is attached hereto as Exhibit "**L**."

m.    QSIGHT TISSUE MANAGEMENT™ is a common law mark used with tracing bone and tissue implants.

n.    QSIGHT BILL ONLY MANAGEMENT™ is a common law mark used with bill pay, purchase, and invoice related services for healthcare providers.

o.    QSIGHT QSUITE™ is a common law mark used with data analytic services in the field of healthcare.

15.    The trademarks listed in Paragraph 12(a)-(o) (Halyard's "QSIGHT Family of Trademarks") comprise a family of marks that all share the recognizable common characteristic, namely, the word element "QSIGHT."   The recognizable common characteristic of the Halyard QSIGHT Trademarks, "QSIGHT," is distinctive.

16.     Prior to Defendant's first use of its involved marks, GUIDEPOINT QSIGHT (U.S. Registration No. 6231233) and QSIGHT (U.S. Registration No. 6285787), Halyard has used and advertised at least one of the marks in the Halyard QSIGHT Family of Trademarks (U.S. Registration No. 5739878) in such a manner as to create common exposure and recognition among the purchasing public such that the QSIGHT element in itself indicates Halyard as the common origin of the goods and services.

17.     More specifically, Halyard, through its predecessors-in-interest 5nQ and then Owens & Minor Distribution, Inc., began using and advertising its QSIGHT mark (U.S. Registration No. 5739878) at least as early as December 31, 2002—more than fifteen years before Guidepoint's claimed date of first use of January 2, 2018.

18.     Halyard's products and services have and will be sold under its Family of QSIGHT Trademarks, which are or will be advertised and sold nationwide, and the Halyard Family of QSIGHT Trademarks has and continues to gain widespread recognition and reputation in the healthcare industry.

<u>Factual Allegations:</u>
**Halyard's Ownership & Use of its Family of QSIGHT Trademarks**

19.     Owens & Minor, Inc. ("O&M") is the parent company of both Plaintiffs, Halyard and O&M Distribution; thus, Plaintiffs are sister and related companies.

20.     In 2002, a company called 5nQ created QSight® as an inventory management and data analytics platform for use in the healthcare industry.  Since 2002, QSight® has been hosted on Qsight.net.

21.     In 2004, O&M Distribution acquired 5nQ and the QSight® business.

22.     In November 2017, O&M purchased Halyard Health, Inc.'s Surgical & Infection Prevention business, resulting in a new O&M subsidiary—Plaintiff O&M Halyard, Inc.

23.    Subsequently, O&M Distribution assigned all rights to and goodwill in the QSIGHT trademarks to the new related company, Plaintiff O&M Halyard, Inc.

24.    On October 19, 2018, Halyard granted an exclusive license to the QSIGHT trademarks to O&M Distribution and O&M. In that license agreement, the parties acknowledged and confirmed that O&M Distribution had assigned the rights to the QSIGHT trademarks to Halyard.  Plaintiffs Halyard and O&M Distribution, Inc. are related companies.   As of the filing of the application of the first of Halyard's QSIGHT marks, Halyard controlled O&M Distribution, Inc.'s use of the QSIGHT marks with respect to the nature and quality of the services rendered under the QSIGHT marks.

25.    On September 16, 2025, Halyard granted a renewed exclusive license to the QSIGHT trademarks to O&M Distribution and O&M.  In that license agreement, the parties again confirmed and acknowledged the chain of title of the QSIGHT trademarks and Halyard's ownership of the QSIGHT trademarks as well as the licensing control Halyard has exercised over the QSIGHT trademarks since O&M Distribution's assignment of the trademarks to Halyard.

26.    Since 2002, Halyard and its predecessors-in-interest have maintained the QSight® business in its original form—an inventory management platform and data analytics service—and have expanded QSight's services, information, technology, and product offerings.  As Halyard has expanded the products and services sold in connection with the QSight® business, it has created and used new trademarks using the common, distinctive QSIGHT element, resulting in the Halyard QSIGHT Family of Trademarks.

27.    Under its QSIGHT® trademarks (U.S. Registration Nos. 5739878 and 6357539), Halyard offers its inventory management platform and data analytics through its licensees, O&M Distribution and O&M, to its customers on the website qsight.net.

28.    Under its QSIGHT RFID® mark (U.S. Registration No. 7213585), Halyard offers an RFID-enabled product cabinet that can be used with Halyard's QSight® inventory management to allow users to more easily track products using RFID technology.

29.    Under its QSIGHT KANBAN® mark (U.S. Registration No. 7262805), Halyard offers a module for the QSight website that uses a two-bin solution to simplify inventory management of consumables, allowing for a more visual tool to track costs, improve efficiencies, and lower inventory.

30.    Under its QSIGHT SMART SCAN™ mark (U.S. Serial No. 99356178), Halyard intends to offer a web-connected, handheld device and barcode scanner that allows users to manage inventory.

31.    Under its QSIGHT DNA™ mark (U.S. Serial No. 88912543), Halyard plans to enhance and expand the data, research, and analytics components of the QSight system. This mark applies to all the mentioned data components of the QSight brand as well as Halyard's future data and analytics offerings within QSight.

32.    Under its QSIGHT COMMUNITY™ mark (U.S. Serial No. 99008990), Halyard intends to offer inventory management services in the field of healthcare, as well as web-based software for inventory management.

33.    Under its QSIGHT™ (stylized) mark (U.S. Serial No. 99194095), Halyard offers online, non-downloadable software for clinical inventory management and software-as-a-service (SaaS) featuring software for clinical inventory management.

34.    Under its QSIGHT PRISM™ mark (U.S. Serial No. 99473576), Halyard intends to offer inventory management services in the field of healthcare, including bid and payment management, benchmarking data analysis, contract and vendor management, payment services,

data analysis for medical supply availability, and supplies ordering input, as well as online, non-downloadable software for clinical inventory management and SaaS services for clinical inventory management.

35. Under its QSIGHT INSIGHT™ mark (U.S. Serial No. 99009643), Halyard intends to offer inventory management services in the field of healthcare, as well as web-based software for inventory management.

36. Under its QSIGHT MARKETPLACE™ mark (U.S. Serial No. 99009574), Halyard intends to offer inventory management services in the field of healthcare, as well as web-based software for inventory management.

37. Under its QSIGHT VISION™ mark (U.S. Serial No. 99009095), Halyard intends to offer inventory management services in the field of healthcare, as well as web-based software for inventory management.

38. Under its QSIGHT TISSUE MANAGEMENT™ mark, Halyard offers services for tracing bone and tissue implants.

39. Under its QSIGHT BILL ONLY MANAGEMENT™ mark, Halyard offers bill pay, purchase, and invoice-related services for healthcare providers.

40. Under its QSIGHT QSUITE™ mark, Halyard offers data analytics services in the field of healthcare.

41. Halyard's QSIGHT Family of Trademarks are inherently distinctive wordmarks exclusively owned by Halyard. Halyard's QSIGHT Family of Trademarks and the products and services sold thereunder are well-known and instantly recognized, especially in the healthcare industry, and Halyard, by and though its predecessors in interest, has enjoyed substantially exclusive use of the term "QSIGHT" in the healthcare industry since its creation in 2002.

11

**Factual Allegations:**
**Halyard's Sales and Promotions of its QSIGHT Trademarks**

42.     Halyard has invested significant money and effort in preparing to advertise and in its advertising and promoting its QSIGHT Family of Trademarks through various methods. For example, Halyard develops extensive marketing and sales materials, attends trade shows, creates social media and other targeted online campaigns, and places advertisements in healthcare journals, podcasts, and other blogs and articles.

43.     Over the years, Halyard has spent millions of dollars investing in the QSight business and the products and services offered under Halyard's QSIGHT Family of Trademarks.

44.     The products and services offered under Halyard's QSIGHT Family of Trademarks are sold in healthcare facilities across the U.S. and generate millions of dollars of revenue per year.

45.     As a result of the quality of Halyard's QSight business and the extensive sales, marketing, advertising, and promotion of the products and services sold under the Halyard QSIGHT Family of Trademarks, the QSIGHT Family of Trademarks have become instantly and widely recognizable by the purchasing public, designating high-quality and dependable products and services originating from Halyard and its related companies.  As a direct result of Halyard's promotional efforts and extensive sales, the Halyard QSIGHT Family of Trademarks has been prominently placed in the mind of the public, especially the purchasing public.  Consequently, the Halyard QSIGHT Family of Trademarks has come to symbolize the enormous goodwill of Halyard's business in the United States.  No other person or entity lawfully uses Halyard's QSIGHT Family of Trademarks or any other substantially similar marks for similar types of goods without Halyard's authorization.

46.     At the least, Halyard's QSIGHT (U.S. Registration No. 5739878) has been famous in the United States, nationwide, in Virginia, and elsewhere since long prior to the acts complained

12

of herein. Halyard's registrations for its QSIGHT marks (U.S. Registration Nos. 5739878 and 6357539), QSIGHT RFID® mark (U.S. Registration No. 7213585), and QSIGHT KANBAN® mark (U.S. Registration No. 7262805) have been used exclusively nationwide and have been used exclusively by Halyard.

47.     Halyard's registrations for its QSIGHT marks (U.S. Registration Nos. 5739878 and 6357539), QSIGHT RFID® mark (U.S. Registration No. 7213585), and QSIGHT KANBAN® mark (U.S. Registration No. 7262805) are *prima facie* proof of Halyard's exclusive right to own and use the marks.  Halyard's registration for its QSIGHT mark (U.S. Registration Nos. 5739878) is incontestable pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065).

### Factual Allegations:
### Guidepoint's Wrongful Activities

48.     Without Halyard's authorization or approval, Guidepoint applied for and registered the following wordmarks ("Guidepoint QSIGHT Marks"):

a.     GUIDEPOINT QSIGHT (U.S. Registration No. 6231233) for "information in business matters and business consulting and information services; compiling and providing business industry data and analytics for market research purposes" in International Class 35 and "providing a website and digital filing-sharing services featuring technology that enables subscribers to receive updates of business industry market data and market trends via the website and the digital files" in International Class 42.  Guidepoint claims it first used the mark in commerce on January 2, 2018, and the USPTO issued registration for this mark on December 29, 2020.

b.     QSIGHT (U.S. Registration No. 6285787) for "information in business matters and business consulting and information services; compiling and providing business industry data and analytics for market research purposes" in International Class 35 and "providing

a website and digital filing-sharing services featuring technology that enables subscribers to receive updates of business industry market data and market trends via the website and the digital files" in International Class 42.   Guidepoint claims it first used the mark in commerce on January 2, 2018, and the USPTO issued registration for this mark on March 9, 2021.

49.      Guidepoint's QSIGHT Marks are identical or substantially identical to Halyard's QSIGHT Family of Trademarks:

| Halyard's QSIGHT Family of Trademarks | | Guidepoint's QSIGHT Marks | |
|---|---|---|---|
| **Mark:** | **Int'l Class:** | **Mark:** | **Int'l Class:** |
| QSIGHT<br>(U.S. Registration No. 5739878)<br>First use date: Dec. 31, 2002 | 35 | QSIGHT<br>(U.S. Registration No. 6285787)<br>First use date: January 2, 2018 | 35 & 42 |
| QSIGHT<br>(U.S. Registration No. 6357539) | 42 | GUIDEPOINT QSIGHT<br>(U.S. Registration No. 6231233)<br>First use date: January 2, 2018 | 42 |
| QSIGHT RFID<br>(U.S. Registration No. 7213585) | 35 & 42 | | |
| QSIGHT KANBAN<br>(U.S. Registration No. 7262805) | 35 | | |
| QSIGHT DNA<br>(U.S. Serial No. 88912543) | 35 | | |
| QSIGHT SMART SCAN<br>(U.S. Serial No. 99356178) | 35 & 42 | | |
| QSIGHT COMMUNITY<br>(U.S. Serial No. 99008990) | 35 & 42 | | |
| QSIGHT (stylized)<br>(U.S. Serial No. 99194095) | 42 | | |
| QSIGHT PRISM<br>(U.S. Serial No. 99473576) | 35 & 42 | | |

| QSIGHT INSIGHT (U.S. Serial No. 99009643) | 35 & 42 | | |
|---|---|---|---|
| QSIGHT MARKETPLACE (U.S. Serial No. 99009574) | 35 & 42 | | |
| QSIGHT VISION (U.S. Serial No. 99009095) | 35 & 42 | | |
| QSIGHT TISSUE MANAGEMENT | 35 & 42 | | |
| QSIGHT BILL ONLY MANAGEMENT | 9, 35 & 42 | | |
| QSIGHT QSUITE | 9, 35 & 42 | | |

50.    Each mark in Halyard's QSIGHT Family of Trademarks incorporates the common characteristic of the distinctive word element, "QSIGHT."  Each of Guidepoint's QSIGHT Marks uses the identical "QSIGHT."

51.    Further, similar to Halyard's QSIGHT Family of Trademarks, Guidepoint QSIGHT Marks are sold with online data services centered on the healthcare industry.

52.    Guidepoint's QSIGHT Marks are registered for the same goods as Halyard's QSIGHT Family of Trademarks, with each party's marks used under either International Class 35 or International Class 42.

53.    Additionally, based on information and belief, Guidepoint intended to focus on and market the services sold under the Guidepoint QSIGHT Marks specifically to the healthcare industry since their inception.

54.    For example, based on information and belief, Guidepoint at some point referred to its QSight product as "QSight Healthcare."

55.    Upon information and belief, since their dates of first use, Guidepoint has marketed the services sold under Guidepoint's QSIGHT Marks to the healthcare industry.

56.    Throughout the duration of the TTAB's Consolidated Cancellations, Guidepoint either downplayed or outright denied that it focused its QSight services on the healthcare industry.

15

Guidepoint's website after the TTAB ruling and as of the filing of this Amended Complaint, however, clearly states that Guidepoint's QSight is "[f]ocused exclusively on the healthcare space," and that "[Guidepoint's] dedicated team of experienced clinicians, data scientists, and domain specialists works to reveal usage and purchasing patterns in the industry's most dynamic markets:"



GUIDEPOINT
QSIGHT

**Empowering Industries Nationwide with Cutting-Edge Healthcare Intelligence**

Guidepoint Qsight is a leading research enablement platform designed to advance understanding and empower our clients' decision-making processes. Powered by innovative technology, real-time data, and hard-to-source expertise, we help our clients turn answers into action.

Backed by a network of nearly 1.625 million experts and Guidepoint's 1,300 employees worldwide, we inform leading organizations' research by delivering on-demand intelligence and research on request. Focused exclusively on the healthcare space, our dedicated team of experienced clinicians, data scientists, and domain specialists works to reveal usage and purchasing patterns in the industry's most dynamic markets. Qsight guides clients in extracting critical insights from the data, delivering a comprehensive product-level understanding of the market, and facilitating analysis for absolute clarity.

[1]

57.     Upon information and belief, before adopting the Guidepoint QSIGHT Marks in early 2018, Guidepoint's top decision makers were aware of Halyard's QSIGHT trademarks and acknowledged that adopting Guidepoint's QSIGHT Marks would potentially cause consumer confusion.

58.     Despite Guidepoint's awareness of Halyard's QSIGHT Family of Marks and acknowledgment that Guidepoint's proposed QSIGHT Marks were confusingly similar, Guidepoint adopted its QSIGHT Marks and began using the same in commerce, specifically targeting and marketing to the healthcare industry, among other industries.

---

[1]     About Guidepoint Qsight, GUIDEPOINT QSIGHT, available at: https://qsight.guidepoint.com/about/ (last visited December 2, 2025) (highlight added).

59.     Guidepoint intentionally and willfully adopted the Guidepoint QSIGHT Marks despite knowing they were confusingly similar to Halyard's QSIGHT Family of Marks and that Halyard had priority.   Guidepoint then offered similar data analytics services, purposefully focusing on and targeting the healthcare industry, the same industry in which Halyard offers its QSight business.  Thus, Guidepoint was fully aware of Halyard's rights and acted knowingly, willfully, and in reckless disregard of those rights and in bad faith.

**Factual Allegations:**
**The TTAB's Erroneous Final Decision in the Consolidated Cancellations**

60.     On July 27, 2021, Halyard filed a petition for cancellation against Guidepoint's QSIGHT mark (U.S. Registration No. 6285787) in the TTAB, citing as grounds for cancellation priority and a likelihood of confusion based on Halyard's QSIGHT Family of Trademarks (Cancellation Proceeding No. 92077680).[2]

61.     On January 27, 2022, Halyard filed a petition for cancellation against Guidepoint's GUIDEPOINT QSIGHT mark (U.S. Registration No. 6231233) in the TTAB, citing as grounds for cancellation priority and likelihood of confusion based on Halyard's QSIGHT Family of Trademarks (Cancellation Proceeding No. 9207822).[3]

62.     On September 30, 2022, the TTAB consolidated Cancellation Proceeding Nos. 92077680 and 9207822, designating the former as the parent (the "Consolidated Cancellation").

---

[2] Halyard cited the trademarks described herein at Paragraph 14(a)-(f) as Halyard's QSIGHT Family of Trademarks in the cited cancellation proceeding, but the TTAB found Halyard did not plead the marks comprised a family of trademarks.  For clarification, the trademarks listed at Paragraph 14(g)-(o) were not at issue in the Consolidated Cancellation.  Further, Halyard's QSIGHT SMART SCAN trademark (U.S. Serial No. 99356178) was a part of the Consolidated Cancellation but with a different serial number (U.S. Serial No. 90065110).
[3] *See* footnote 2.

63.   In the Consolidated Cancellation, Guidepoint—relying on a theory that O&M Distribution (rather than Halyard) owned Halyard's QSIGHT Family of Trademarks—asserted counterclaims seeking to cancel Halyard's QSIGHT marks (U.S. Registration Nos. 5739878 and 6357539) and to declare that Halyard abandoned its then-pending applications for QSIGHT RFID, QSIGHT DNA, QSIGHT KANBAN, and QSIGHT SMART SCAN.

64.   On July 25, 2025, the TTAB issued a final decision in the Consolidated Cancellation, erroneously denying Halyard's petition to cancel the Guidepoint QSIGHT Marks and granting Guidepoint's counterclaims cancelling Halyard's QSIGHT marks (U.S. Registration Nos. 5739878 and 6357539).  Further, the TTAB found that no likelihood of confusion exists between, on the one hand, Halyard's common law rights in marks containing the word element QSIGHT, Halyard's registered marks QSIGHT RFID and QSIGHT KANBAN, and Halyard's applied-for marks QSIGHT DNA and QSIGHT SMART SCAN and, on the other hand, Guidepoint's QSIGHT and GUIDEPOINT QSIGHT marks.

65.   In making its final decision, the TTAB refused to consider substantial evidence demonstrating Halyard's ownership of the QSIGHT Family of Trademarks, evidence illustrating Guidepoint's knowledge of Halyard's QSIGHT marks and bad faith in adopting Guidepoint's QSIGHT Marks, and evidence showing a likelihood of confusion—and that actual confusion has already occurred—between Halyard's QSIGHT Family of Trademarks and Guidepoint's QSIGHT Marks.

66.   Additionally, since the close of discovery in the Consolidated Cancellations, Halyard has obtained additional evidence that is highly relevant to the core issues of the Consolidated Cancellations and to Halyard's other claims asserted here, including but not limited

19

to evidence further showing the chain-of-title and Halyard's ownership of the Halyard QSIGHT Family of Trademarks, Halyard's licensing control over the QSIGHT Trademarks, and actual consumer confusion between them and Guidepoint's QSIGHT Marks.

### Factual Allegations:
### Injury to Halyard and the Public

67.    Guidepoint's QSIGHT Marks conflict with Halyard's rights in Halyard's QSIGHT Family of Trademarks.

68.    The TTAB decision disregarded substantial evidence proving Halyard's ownership of its QSIGHT Family of Trademarks and demonstrating that Guidepoint's QSIGHT Marks have already caused consumer confusion and are likely to continue to cause consumer confusion. Therefore, the TTAB decision was erroneous and should be reversed.

69.    Guidepoint's use of the Guidepoint QSIGHT Marks in the United States is likely to cause confusion, mistake, and deception as to the source or origin of Guidepoint's products and services and is likely to falsely suggest a sponsorship, connection, or association between Guidepoint, its products, and/or its commercial activities with Halyard and its QSIGHT Family of Trademarks.

70.    Guidepoint's use of the Guidepoint QSIGHT Marks is likely to dilute the distinctiveness and value of the Halyard QSIGHT Family of Trademarks.

71.    Guidepoint's acts, described above, are likely to damage and irreparably injure Halyard and its Halyard QSIGHT Family of Trademarks.

72.    Guidepoint's acts, described above, are likely to irreparably injure the public, who has an interest in not being confused, mistaken, or deceived.

### COUNT I
**Request for Judicial Review of the TTAB Decision Under**
**Section 21 of the Lanham Act, 15 U.S.C. § 1071(b)(1) and**

20

**Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d)**

73.     Halyard repeats the allegations set forth in Paragraphs 1-72, as if fully set forth herein.

74.     The TTAB's final decision in *O&M Halyard, Inc. v. Guidepoint Global, LLC*, Consolidated Cancellation Nos. 92077680 (parent) and 92078922 (TTAB July 25, 2025) dismissed Halyard's petitions to cancel the Guidepoint QSIGHT Marks and granted Guidepoint's counterclaims to cancel Halyard's QSIGHT marks (U.S. Registration Nos. 5739878 and 6357539). Additionally, the TTAB found that there is no likelihood of confusion between, on the one hand, Halyard's common law rights in marks containing the word element QSIGHT, Halyard's registered marks QSIGHT RFID and QSIGHT KANBAN, and Halyard's applied-for marks QSIGHT DNA and QSIGHT SMART SCAN and, on the other hand, Guidepoint's QSIGHT and GUIDEPOINT QSIGHT marks.

75.     Halyard respectfully requests a *de novo* judicial review of the TTAB's final decision.

76.     The TTAB final decision is erroneous because a preponderance of the evidence shows that Halyard is the owner of the Halyard QSIGHT Family of Marks and that Guidepoint's QSIGHT Marks so resemble Halyard's prior used, filed, and/or registered Halyard QSIGHT Family of Trademarks, as to be likely, when applied to Guidepoint's goods and services, to cause confusion, to cause mistake, or to deceive under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

77.     In making its final decision, the TTAB refused to consider substantial evidence demonstrating Halyard's ownership of the QSIGHT trademarks, evidence illustrating Guidepoint's knowledge of Halyard's QSIGHT marks and its bad faith in adopting Guidepoint's

21

QSIGHT Marks, and evidence showing that a likelihood of confusion exists—and that confusion has already occurred—between Halyard's QSIGHT trademarks and Guidepoint's QSIGHT Marks.

78.    In addition to the substantial evidence the TTAB did not consider, additional, new evidence exists that proves even further Halyard's ownership and licensing control over the QSIGHT Trademarks and supports a finding that a likelihood of confusion exists between Halyard's QSIGHT Family of Trademarks and Guidepoint's QSIGHT Marks including evidence of actual confusion.  As just one example, Guidepoint denied or downplayed its involvement in the healthcare industry during the TTAB proceeding, but since the TTAB's erroneously ruling, Guidepoint now states on its website that QSIGHT is "[f]ocused exclusively on the healthcare space."

79.    The TTAB final decision should be reversed and vacated, and Halyard's petition to cancel Guidepoint's QSIGHT Marks should be granted.

### COUNT II
**Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

80.    Halyard repeats the allegations set forth in Paragraphs 1-72, as if fully set forth herein.

81.    Guidepoint's use of a reproduction, counterfeit, copy, or colorable imitation of the Halyard's famous QSIGHT Family of Trademarks, without Halyard's consent, in commerce in connection with the sale, offering for sale, distribution, or advertising of their products or services is likely to cause confusion, mistake, or deceive the public, and thus constitutes trademark infringement pursuant to 15 U.S.C.§ 1114.

82.    Halyard's QSIGHT trademarks have priority over Guidepoint's QSIGHT Marks.

83.    Guidepoint's QSIGHT Marks are identical or substantially identical to Halyard's QSIGHT Family of Trademarks.

84.    Guidepoint's QSIGHT Marks are registered and used for identical goods as Halyard's QSIGHT Family of Trademarks.

85.    Guidepoint's use of its identical or substantially identical QSIGHT Marks, without Halyard's consent, in commerce in connection with similar goods in the same industry is likely to cause confusion, mistake, or deceive the public, and thus constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

86.    Upon information and belief, Guidepoint was aware of Halyard's QSIGHT Marks prior to adopting the Guidepoint QSIGHT Marks, and Guidepoint's top decision makers acknowledged that Guidepoint's adoption of its QSIGHT Marks was potentially confusing for consumers.

87.    Upon information and belief, despite knowing of Halyard's QSIGHT Marks and acknowledging Guidepoint's QSIGHT Marks were confusingly similar, Guidepoint adopted its QSIGHT Marks with wanton disregard for Halyard's prior rights.

88.    Upon information and belief, actual consumer confusion has occurred between, on the one hand, Halyard's QSIGHT Family of Trademarks and, on the other hand, Guidepoint's QSIGHT Marks.

89.    Defendant Guidepoint's intentional and willful infringement of Halyard's QSIGHT Family of Trademarks has caused, and will continue to cause, damage to Halyard and is causing irreparable harm to Halyard for which there is no adequate remedy at law.  Defendant Guidepoint is directly liable for these actions.

<u>**COUNT III**</u>
**Trademark Infringement, False Designation of Origin,**

23

**Passing Off, and Unfair Competition Under
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

90.   Halyard repeats the allegations set forth in Paragraphs 1-72, as if fully set forth herein.

91.   Guidepoint's use of Halyard's QSIGHT Family of Trademarks, without Halyard's consent, in commerce to promote, market, or sell their products or services in direct competition with Halyard's products and services constitutes False Designation of Origin and Unfair Competition pursuant to 15 U.S.C. § 1125(a).  Guidepoint's use of Halyard's QSIGHT Family of Trademarks is a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact, likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Guidepoint with Halyard and/or as to the origin, sponsorship, or approval of Guidepoint's products and commercial activities with Halyard.

92.   Defendant's actions, as described above, are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products and services, and/or its commercial activities by or with Halyard, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

93.   The complained of acts constitute willful, deliberate, and intentional false designations of origin as to products made available by Guidepoint and unfair competition in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

94.   Guidepoint's wrongful activities have caused—and unless enjoined by this Court—will continue to cause irreparable injury and other damages to Halyard's business and reputation and will continue to cause damage to the goodwill it has developed in Halyard's QSIGHT Family of Trademarks.  Halyard has no adequate remedy at law.

## COUNT IV
### Trademark Counterfeiting Under The United States Trademark Act (15 U.S.C. 1114(1)) by Guidepoint

95.    Halyard repeats the allegations set forth in Paragraphs 1-72, as if fully set forth herein.

96.    Upon information and belief, Guidepoint intentionally and willfully used, without Halyard's consent, counterfeit versions of Halyard's QSIGHT Marks (U.S. Registration Nos. 5739878 and 63575539) Trademark in commerce, knowing the mark was counterfeit.

97.    Guidepoint uses the counterfeit mark with nearly identical goods and services as Halyard's QSIGHT Marks (U.S. Registration No. 5739878 and 63575539), Guidepoint uses its counterfeit mark in the same International Classes (35 and 42) as Halyard's QSIGHT Marks (U.S. Registration No. 5739878 and 63575539), and Guidepoint offers its counterfeit mark in the same industry as Halyard's QSIGHT Marks (U.S. Registration No. 5739878 and 63575539).  Thus, Guidepoint's QSIGHT mark is identical or substantially indistinguishable from Guidepoint's QSIGHT Marks (U.S. Registration No. 5739878 and 63575539).

98.    Guidepoint's intentionally adopted its counterfeit QSIGHT mark with knowledge of Halyard's ownership of and priority to the QSIGHT Marks.  In fact, Guidepoint's top decision-makers acknowledged before adopting the Guidepoint QSIGHT Mark that it would likely cause confusion with Halyard's QSIGHT Marks.

99.    Guidepoint's use of its counterfeit QSIGHT mark is likely to cause—and has caused—consumer confusion.

100.    The complained of acts constitute trademark counterfeiting in violation of Section 32(1) of the Lanham Act (15 U.S.C. §1114(1)).

### COUNT V
### Trademark Dilution Under

**Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

101.    Halyard repeats the allegations set forth in Paragraphs 1-72, as if fully set forth herein.

102.    At least one of the marks that comprise Halyard QSIGHT Family of Trademarks, QSIGHT (U.S. Registration No. 5739878), was famous before Defendant's filing dates for Guidepoint's QSIGHT Marks and/or any first-use date in the U.S. that the Defendant might claim, based on, among other things, the inherent distinctiveness and federal registration of Halyard's QSIGHT mark (U.S. Registration No. 5739878) and the extensive nationwide use, advertising, promotion, and recognition of that mark.

103.    Defendant's actions, as described above, are likely to dilute the distinctive quality of Halyard's QSIGHT (U.S. Registration No. 5739878) by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

104.    The complained of acts have diluted and damaged the distinctive quality of QSIGHT (U.S. Registration No. 5739878) and constitute trademark dilution of the famous marks in violation of §43(c) of the Lanham Act (15 U.S.C. §1125(c)).

105.    Upon information and belief, Guidepoint willfully intended to trade on Halyard's reputation and/or cause dilution and tarnishment of Halyard's famous QSIGHT Mark (U.S. Registration No. 5739878).

**COUNT VI**
**Trademark Infringement Under**
**Virginia Trademark and Service Mark Act,**
**Virginia Code § 59.1-92.15**

106.    Halyard repeats the allegations set forth in Paragraphs 1-72, as if fully set forth herein.

107. Guidepoint's use, without Halyard's consent, of reproductions, copies, or colorable imitations of Halyard's QSIGHT Family of Trademarks in connection with the sale, offering for sale, distribution, or advertisement of goods and services in a manner likely to cause consumer confusion, mistake, or deception regarding the source or origin of Guidepoint, Guidepoint's QSIGHT Marks, or its products and services, constitutes trademark infringement under Virginia Trademark and Service Mark Act § 59.1-92.12, *et. seq.*

108. Halyard has a valid, legally protectable interest in the Halyard's QSIGHT Family of Trademarks.

109. Guidepoint used trademarks that are identical or substantially identical to Halyard's QSIGHT Family of Trademarks in commerce to identify Guidepoint's own goods.

110. Guidepoint did not have Halyard's consent, permission, or license to use Halyard's QSIGHT Family of Trademarks.

111. Upon information and belief, Halyard used its QSIGHT Family of Trademarks in commerce in Virginia prior to Guidepoint's use of its Guidepoint QSIGHT Marks in commerce in Virginia.

112. Guidepoint has committed the acts described above with knowledge of and intent to cause confusion, mistake, or to deceive.

113. The complained of acts have or are likely to cause consumer confusion.

**COUNT VI**
**Trademark Infringement and Unfair Competition Under**
**Virginia Common Law**

114. Halyard repeats the allegations set forth in Paragraphs 1-72, as if fully set forth herein.

27

115.    Guidepoint's actions, as described above, are likely to cause confusion, mistakes, or to deceive as to the origin, sponsorship, or approval of Defendant, its products or services, and/or its commercial activities by or with Halyard.   These actions constitute trademark infringement, false designation or origin, passing off, and unfair competition under Virginia common law.

116.    Halyard has a valid, legally protectable interest in the Halyard's QSIGHT Family of Trademarks.

117.    Guidepoint used Halyard's QSIGHT Family of Trademarks in commerce to identify its own goods.

118.    Guidepoint did not have Halyard's consent, permission, or license to use Halyard's QSIGHT Family of Trademarks.

119.    Guidepoint has committed the acts described above with knowledge of and intent to cause confusion, mistake, or to deceive.

120.    The complained of acts have or are likely to cause consumer confusion.

**COUNT VII**
**Declaratory Judgment re Halyard's Ownership of the**
**Halyard QSIGHT Family of Trademarks**

121.    Plaintiffs repeat the allegations set forth in Paragraphs 1-72, as if fully set forth herein.

122.     An actual, justiciable, and continuing case or controversy exists between Plaintiffs and Defendant regarding Halyard's ownership of Halyard's QSIGHT Family of Trademarks. Guidepoint claims that O&M Distribution—rather than Halyard—is the owner of the Halyard QSIGHT Family of Trademarks.  Plaintiffs O&M Distribution and Halyard deny this allegation and together affirm that Halyard is the owner of the Halyard QSIGHT Family of Trademarks.

123. Plaintiffs are therefore entitled to a judicial declaration that Plaintiff Halyard is the owner of the Halyard QSIGHT Family of Trademarks.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Halyard respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Halyard respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and reward it relief, including, but not limited to, the following:

A. An Order reversing and vacating the decision in the Consolidated Cancellations, *O&M Halyard v. Guidepoint Global, LLC*, Consolidated Cancellation Nos. 92077680 (parent) and 92078922 (TTAB July 25, 2025), granting Halyard's petitions to cancel Guidepoint's QSIGHT Marks and denying Guidepoint's counterclaims;

B. A declaration that Halyard is the owner of each mark comprising the Halyard QSIGHT Family of the Marks;

C. An Order declaring that Guidepoint's uses and registration of its Guidepoint QSIGHT Marks infringe and dilute Halyard's QSIGHT Family of Trademarks, and constitute unfair competition under federal and Virginia law, as detailed above;

D. That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), Plaintiffs be awarded monetary damages sufficient to recover: (1) Defendant's profits on Defendant's Unauthorized Products; (2) all damage suffered by Plaintiffs; and (3) the costs of this action and that said amount be trebled or otherwise multiplied to the extent permitted by statute. In addition,

Plaintiffs reserve the right to elect statutory damages up to and including $2,000,000 per counterfeit mark pursuant to 15 U.S.C. §1117(c);

E.    A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1. From using, registering or seeking to register the QSIGHT or GUIDEPOINT QSIGHT marks in any form, including in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to Halyard's QSIGHT Family of Trademarks;

2. From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant is/are associated or connected in any way with Halyard or sponsored or affiliated with Halyard in any way; and

3. From assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs C(1)-(2).

F.    An Order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, stationary, forms, and/or other materials and things that contain or bear the QSIGHT or GUIDEPOINT QSIGHT marks, or any other marks, logos, designs, designations, or indicators that are confusingly similar to Halyard's QSIGHT Family of Trademarks;

30

G.      An Order directing that, withing thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on Halyard's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

H.      An Order requiring Defendant to account for and pay to Halyard any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws;

I.      An Order requiring Defendant to pay Halyard damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

J.      An Order requiring Defendant to pay Halyard's litigation expenses, including reasonable attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1117 and other applicable laws;

K.      An Order requiring Defendant to pay Halyard punitive damages for trademark infringement and unfair competition under Virginia common law; and

L.      Other relief as the Court may deem appropriate.

Respectfully submitted this 4th day of December 2025.

O&M HALYARD, INC. &
OWENS & MINOR DISTRIBUTION, INC.

By: ___/s/ Mark J. Krudys_
Counsel

Mark J. Krudys (VSB# 30718)
THE KRUDYS LAW FIRM, PLC
Truist Place
919 E. Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
Fax: (804) 381-4458
Email: mkrudys@krudys.com

Andrea E. Bates
*Pro Hac*
Elizabeth Poland Andujar
*Pro Hac*
BATES & BATES LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Phone: (404) 228-7439
Fax: (404) 963-6231
Email: abates@bates-bates.com
Email: eandujar@bates-bates.com