**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

<table>
<tr>
<td>

O&M HALYARD, INC. and OWENS &
MINOR DISTRIBUTION, INC.,

Plaintiffs,

v.

GUIDEPOINT GLOBAL LLC,

Defendant.

</td>
<td>

Civil Action No. 25-cv-01568-AJT-WBP

**ANSWER WITH AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS**

</td>
</tr>
</table>

Defendant, Guidepoint Global LLC ("*Guidepoint*"), hereby answers the First Amended Complaint [Dkt. No. 12] (the "*Amended Complaint*") filed by Plaintiffs O&M Halyard, Inc. ("*O&M Halyard*") and Owens & Distribution, Inc. ("*O&M Distribution*" and, together, "*Plaintiffs*") on December 4, 2025, as modified by the Court's March 11, 2026 Order dismissing all but one trademark [Dkt. No. 35], and states as follows:

**AS TO THE NATURE OF THE ACTION**[1]

1.      The factual allegations asserted in Paragraph 1 of the Amended Complaint are denied and, further answering, Guidepoint refers to the Trademark Trial and Appeal Board ("*TTAB*") Trial Decision dated July 25, 2025 (the "*Trial Decision*") for a true and accurate recitation of its contents, findings, and legal effect. Any remaining allegations are assertions of legal conclusions and alleged entitlements to relief to which no responses are required. To the extent a response is required, Guidepoint denies any liability or wrongdoing and Plaintiffs' entitlement to relief.

---

[1] Guidepoint's reiteration of the headings used in the Amended Complaint is for convenience purposes only and is not an implied or explicit admission as to the veracity of same.

2.      Paragraph 2 asserts legal conclusions and alleged entitlements to relief to which no responses are required.  To the extent a response is required, Guidepoint denies any liability or wrongdoing, as well as Plaintiffs' entitlement to relief, and refers to the Trial Decision for a true and accurate recitation of its contents, findings, and legal effect.

3.      Paragraph 3 asserts legal conclusions and alleged entitlements to relief to which no responses are required.  To the extent a response is required, Guidepoint denies any liability or wrongdoing, as well as Plaintiffs' entitlement to relief and ownership of the sole trademark at issue: U.S. Registration No. 5739878 (the "*'878 Mark*").

## AS TO THE PARTIES

4.      Guidepoint admits that O&M Halyard is a Virginia corporation.[2]  Guidepoint denies the remaining allegations asserted in Paragraph 4 of the Amended Complaint.

5.      Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 5 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.

6.      Guidepoint admits the allegations asserted in Paragraph 6 of the Amended Complaint.

## AS TO JURISDICTION AND VENUE

7.      Guidepoint admits that this Court has subject matter jurisdiction over this action.

---

[2] For the sake of clarity, much, if not all, of the admissions and denials herein are based on the information adduced during the underlying TTAB proceedings, which are memorialized in the Trial Decision.  Rather than reiterate that qualifier with respect to each response, it is incorporated by reference.

8.      Paragraph 8 asserts legal conclusions to which no responses are required.  To the extent responses are required, Guidepoint denies any liability or wrongdoing giving rise to a cognizable claim, as well as Plaintiffs' entitlement to relief.

9.      Paragraph 9 asserts legal conclusions to which no responses are required.  To the extent responses are required, Guidepoint denies any liability or wrongdoing giving rise to a cognizable claim, as well as Plaintiffs' entitlement to relief.

10.     Guidepoint admits the allegations asserted in Paragraph 10 of the Amended Complaint.

11.     Guidepoint admits the allegations asserted in Paragraph 11 of the Amended Complaint.

**AS TO THE FACTUAL ALLEGATIONS**

***As to Halyard and its QSight Family of Trademarks***

12.     Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 12 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trademark Trial and Appeal Board's July 25, 2025 Opinion (the "Trial Decision"), which Trial Decision is being appealed by Plaintiffs in this action.

13.     Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 13 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trial Decision, which is being appealed.

14.     Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 13 of the Amended Complaint and therefore neither admits

3

nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trial Decision, which is being appealed. Additionally:

(a)     Guidepoint admits that the registration certificate for U.S. Registration NO. 5739878 (the "*'878 Mark*") reflects a registration under International Class 35 for "clinical inventory management services" and was issued on April 30, 2019.  Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 14(a) and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.

(b)     No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March 11, 2026 Order [Dkt. No. 35] (the "*March Order*"). To the extent a response is required, Guidepoint refers to the registration referenced therein for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

(c)     No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint refers to the registration referenced therein for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

(d)     No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint refers to the registration referenced therein for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

(e)     No response to this allegation is required as Guidepoint this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is

4

required, Guidepoint refers to the application referenced therein for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

(f)    No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint refers to the application referenced therein for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

(g)    No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint refers to the application referenced therein for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

(h)    No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint refers to the application referenced therein for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

(i)    No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint refers to the application referenced therein for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

(j)    No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint refers to the application referenced therein for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

(k)     No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint refers to the application referenced therein for a true and accurate recitation of its contents and legal effect, if any, and denies any allegations inconsistent therewith.

(l)     No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 14(l) and therefore neither admits nor denies same, leaving Plaintiff to its proofs.

(m)     No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 14(m) and therefore neither admits nor denies same, leaving Plaintiff to its proofs.

(n)     No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 14(n) and therefore neither admits nor denies same, leaving Plaintiff to its proofs.

(o)     No response to this allegation is required as this mark has been dismissed from this action pursuant to the Court's March Order.  To the extent a response is required, Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the

allegations asserted in Paragraph 14(o) and therefore neither admits nor denies same, leaving Plaintiff to its proofs.

15.    Guidepoint denies the allegations asserted in Paragraph 15 of the Amended Complaint.

16.    Guidepoint denies the allegations asserted in Paragraph 16 of the Amended Complaint.

17.    Guidepoint denies the allegations asserted in Paragraph 17 of the Amended Complaint.

18.    Guidepoint denies the allegations asserted in Paragraph 18 of the Amended Complaint.

### As to Halyard's Ownership & Use of its Family of QSight Trademarks

19.    Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 19 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trial Decision, which is being appealed.

20.    Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 20 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trial Decision, which is being appealed.

21.    Guidepoint denies the allegations asserted in Paragraph 21 of the Amended Complaint.

22.    Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 22 of the Amended Complaint and therefore neither admits

nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trial Decision, which is being appealed.

23.     Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 23 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.

24.     Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 24 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trial Decision, which is being appealed.

25.     Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 25 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.

26.     Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 26 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trial Decision, which is being appealed.

27.     Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 27 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trial Decision, which is being appealed.    All other trademarks and their attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

28.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

29.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

30.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

31.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

32.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

33.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

34.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

35.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

36.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

37.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

38.     Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

39.   Guidepoint asserts that this trademark and its attendant allegations were dismissed from this action and thus any allegations related to same are moot and warrant no further response.

40.   Guidepoint denies the allegations asserted in Paragraph 40 of the Amended Complaint, including, without limitation, that there is any "family of marks" at issue given that the concept was dismissed by the Court's March Order and no further response to same is warranted.

41.   Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 41 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.

### *As to Halyard's Sales and Promotions of its QSight Trademarks*

42.   Guidepoint asserts that allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is warranted by operation of the March Order.  As it pertains to the '878 Mark, Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 42 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.

43.   Guidepoint asserts that allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is warranted by operation of the March Order.  As it pertains to the '878 Mark, Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 43 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.

44.   Guidepoint asserts that allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is warranted by

operation of the March Order.  As it pertains to the '878 Mark, Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 44 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trial Decision, which is being appealed.

45.     Guidepoint asserts that allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is warranted by operation of the March Order.  As it pertains to the '878 Mark, Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 45 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.  Further answering, Guidepoint notes that these issues and facts were addressed in the Trial Decision, which is being appealed.

46.     Guidepoint denies the allegations of Paragraph 46 of the Amended Complaint.

47.     Guidepoint denies the allegations of Paragraph 47 of the Amended Complaint.

### As to Guidepoint's Wrongful Activities

48.     Guidepoint admits it registered its QSIGHT trademarks at issue in this action and denies the remaining allegations asserted in Paragraph 48 of the Amended Complaint, including, without limitation, any authorization or approval from O&M Halyard was needed.  Further answering:

(a)     Guidepoint admits that the registration certificate for the trademark registered as U.S. Registration No. 6231233 (the "*233 Mark*")  reflects it was registered under International Class 35 for "information in business matters and business consulting and information services; compiling and providing business industry data and analytics for market

11

research purposes[]" and under International Class 42 for "providing a website and digital file-sharing services featuring technology that enables subscribers to receive updates of business industry market data and market trends via the website and the digital files."  Guidepoint further admits that the registration certificate reflects a first use in commerce date of January 2, 2018, and is dated December 29, 2020

(b)    Guidepoint admits the registration certificate for the trademark registered as U.S. Registration No. 6285787 (the "*'787 Mark*" and, with the '233 Mark, the "*Guidepoint Marks*") reflects was registered under International Class 35 for "Information in business matters and business consulting and information services; compiling and providing business industry data and analytics for market research purposes[]" and under International Class 42 for "Providing a website and digital file-sharing services featuring technology that enables subscribers to receive updates of business industry market data and market trends via the website and the digital files."  Guidepoint further admits the registration certificate reflects a first use in commerce date of January 2, 2018 and is dated March 9, 2021.

49.    Guidepoint denies the allegations asserted in Paragraph 49 of the Amended Complaint, including the illustration.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is warranted by operation of the March Order.

50.    Other than to admit that the Guidepoint Marks and the '878 Mark share the word element "QSIGHT," Guidepoint denies the allegations asserted in Paragraph 50 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is warranted by operation of the March Order.

51.    Guidepoint denies the allegations asserted in Paragraph 51 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is warranted by operation of the March Order.

52.    Guidepoint denies the allegations asserted in Paragraph 52 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is warranted by operation of the March Order.

53.    Guidepoint denies the allegations asserted in Paragraph 53 of the Amended Complaint.

54.    Guidepoint admits the phrase "QSight healthcare" was a phrase used for a short period internally among Guidepoint employees.  Guidepoint denies that the term "QSight healthcare" was ever used externally, with customers, or as a trademark in connection with marketing and further denies any remaining allegations asserted in Paragraph 54 of the Amended Complaint.

55.    Guidepoint admits it has marketed its QSIGHT and GUIDEPOINT QSIGHT data product offerings in various industries, including healthcare, the corporate travel industry, and China-based hiring trends.  Guidepoint denies any remaining allegations asserted in Paragraph 55 of the Amended Complaint.

56.    Guidepoint admits the images depicted in Paragraph 56 are slightly modified screenshots of a portion of its website.  Guidepoint denies the remaining allegations asserted in Paragraph 56 of the Amended Complaint.

57.    Guidepoint denies the allegations asserted in Paragraph 57 of the Amended Complaint.

58.    Guidepoint denies the allegations asserted in Paragraph 58 of the Amended Complaint.

59.    Guidepoint denies the allegations asserted in Paragraph 59 of the Amended Complaint.

***As to the TTAB's Erroneous Final Decision in the Consolidated Cancellations***

60.    Guidepoint admits O&M Halyard filed a cancellation proceeding on July 27, 2021 against the '787 Mark on the grounds of priority and likelihood of confusion.  Further answering, the allegations asserted in footnote 2 and of a "Family of Trademarks" are moot as a result of the Court's March Order and, as such, no further response is required.

61.    Guidepoint admits O&M Halyard filed a cancellation proceeding on January 27, 2022 against the '233 Mark on the grounds of priority and likelihood of confusion.  Further answering, the allegations asserted in footnote 3 and of a "Family of Trademarks" are moot as a result of the Court's March Order and, as such, no further response is required.

62.    Guidepoint admits the allegations asserted in Paragraph 62 of the Amended Complaint.

63.    Guidepoint admits it filed a counterclaim in the TTAB proceedings seeking the cancellation of the identified trademarks on the grounds of non-ownership and abandonment. Guidepoint denies the remaining allegations asserted in Paragraph 63 of the Amended Complaint.

64.    Guidepoint admits on July 25, 2025 the TTAB issued its final decision denying O&M Halyard's request to cancel the Guidepoint Marks, granted Guidepoint's cancellation counterclaim, and found there was no likelihood of confusion between the Guidepoint Marks and

14

Plaintiff's QSight marks.  Guidepoint denies the remaining allegations asserted in Paragraph 64 of the Amended Complaint.

65.     Guidepoint denies the allegations asserted in Paragraph 65 of the Amended Complaint.

66.     Guidepoint lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 66 of the Amended Complaint and therefore neither admits nor denies same, leaving Plaintiffs to their proofs.

### *As to the Injury to Halyard and the Public*

67.     Guidepoint denies the allegations asserted in Paragraph 67 of the Amended Complaint.

68.     Guidepoint denies the allegations asserted in Paragraph 68 of the Amended Complaint.

69.     Guidepoint denies the allegations asserted in Paragraph 69 of the Amended Complaint.

70.     Guidepoint denies the allegations asserted in Paragraph 70 of the Amended Complaint.

71.     Guidepoint denies the allegations asserted in Paragraph 71 of the Amended Complaint.

72.     Guidepoint denies the allegations asserted in Paragraph 72 of the Amended Complaint.

### AS TO THE FIRST COUNT
**Request for Judicial Review of the TTAB Decision Under Section 21 of the Lanham Act and, 15 U.S.C. § 1071(b)(1) and Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d)**

73.     Guidepoint repeats and realleges the answers contained in the preceding Paragraphs as if stated fully herein.

15

74. Guidepoint admits the TTAB's final decision in the underlying proceedings was to dismiss O&M Halyard's cancellation request, grant Guidepoint's counterclaims, and found there was no likelihood of confusion between the Guidepoint Marks and the '878 Mark.  Guidepoint denies the remaining allegations asserted in Paragraph 74 of the Amended Complaint.

75. Paragraph 75 of the Amended Complaint asserts legal conclusions to which no responses are required.  To the extent responses are required, Guidepoint denies Plaintiffs' entitlement to relief.

76. Guidepoint denies the allegations asserted in Paragraph 76 of the Amended Complaint.

77. Guidepoint denies the allegations asserted in Paragraph 77 of the Amended Complaint.

78. Guidepoint denies the allegations asserted in Paragraph 78 of the Amended Complaint.

79. Guidepoint denies the allegations asserted in Paragraph 79 of the Amended Complaint.

### AS TO THE SECOND COUNT
**Trademark Infringement Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

80. Guidepoint repeats and realleges the answers contained in the preceding Paragraphs as if stated fully herein.

81. Guidepoint denies the allegations asserted in Paragraph 81 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

82.     Guidepoint denies the allegations asserted in Paragraph 82 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

83.     Guidepoint denies the allegations asserted in Paragraph 83 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

84.     Guidepoint denies the allegations asserted in Paragraph 84 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

85.     Guidepoint denies the allegations asserted in Paragraph 85 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

86.     Guidepoint denies the allegations asserted in Paragraph 86 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

87.     Guidepoint denies the allegations asserted in Paragraph 87 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

88.     Guidepoint denies the allegations asserted in Paragraph 88 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

89.    Guidepoint denies the allegations asserted in Paragraph 89 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

## AS TO THE THIRD COUNT
### Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

90.    Guidepoint repeats and realleges the answers contained in the preceding Paragraphs as if stated fully herein.

91.    Guidepoint denies the allegations asserted in Paragraph 91 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

92.    Guidepoint denies the allegations asserted in Paragraph 92 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

93.    Guidepoint denies the allegations asserted in Paragraph 93 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

94.    Guidepoint denies the allegations asserted in Paragraph 94 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

## AS TO THE FOURTH COUNT
### Trademark Counterfeiting Under the United States Trademark Act (15 U.S.C. § 1114(1)) By Guidepoint

95.    Guidepoint repeats and realleges the answers contained in the preceding Paragraphs as if stated fully herein.

96.    Guidepoint denies the allegations asserted in Paragraph 96 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

97.    Guidepoint denies the allegations asserted in Paragraph 97 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

98.    Guidepoint denies the allegations asserted in Paragraph 98 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

99.    Guidepoint denies the allegations asserted in Paragraph 99 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

100.    Guidepoint denies the allegations asserted in Paragraph 100 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

## AS TO THE FIFTH COUNT
### Trademark Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

101.    Guidepoint repeats and realleges the answers contained in the preceding Paragraphs as if stated fully herein.

102.    Guidepoint denies the allegations asserted in Paragraph 102 of the Amended Complaint.

103.    Guidepoint denies the allegations asserted in Paragraph 103 of the Amended Complaint.

19

104.    Guidepoint denies the allegations asserted in Paragraph 104 of the Amended Complaint.

105.    Guidepoint denies the allegations asserted in Paragraph 105 of the Amended Complaint.

**AS TO THE SIXTH COUNT**
**Trademark Infringement Under Virginia Trademark and Service Mark Act, Virginia Code § 59.1-92.15**

106.    Guidepoint repeats and realleges the answers contained in the preceding Paragraphs as if stated fully herein.

107.    Guidepoint denies the allegations asserted in Paragraph 107 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

108.    Guidepoint denies the allegations asserted in Paragraph 108 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

109.    Guidepoint denies the allegations asserted in Paragraph 109 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

110.    Guidepoint denies the allegations asserted in Paragraph 110 of the Amended Complaint, particularly that any consent, permission, or license was required from O&M Halyard.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

111.    Guidepoint denies the allegations asserted in Paragraph 111 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

112.    Guidepoint denies the allegations asserted in Paragraph 112 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

113.    Guidepoint denies the allegations asserted in Paragraph 113 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

**AS TO THE SEVENTH COUNT**[3]
**Trademark Infringement and Unfair Competition Under Virginia Common Law**

114.    Guidepoint repeats and realleges the answers contained in the preceding Paragraphs as if stated fully herein.

115.    Guidepoint denies the allegations asserted in Paragraph 115 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

116.    Guidepoint denies the allegations asserted in Paragraph 116 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

117.    Guidepoint denies the allegations asserted in Paragraph 117 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

118.    Guidepoint denies the allegations asserted in Paragraph 118 of the Amended Complaint, particularly that any consent, permission, or license was required from O&M Halyard.

---

[3] Plaintiffs have two causes of action labeled as "Count VI."  For the sake of clarity, Guidepoint has continued that numbering sequentially.

Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

119.    Guidepoint denies the allegations asserted in Paragraph 119 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

120.    Guidepoint denies the allegations asserted in Paragraph 120 of the Amended Complaint.  Further answering, allegations concerning trademarks other than the '878 Mark were dismissed by the Court's March Order and no further response to same is necessary.

## AS TO THE EIGHTH COUNT
### Declaratory Judgment re: Halyard's Ownership of the Halyard QSight Family of Trademarks

121.    Guidepoint repeats and realleges the answers contained in the preceding Paragraphs as if stated fully herein.

122.    Paragraph 122 asserts legal conclusions to which no responses are required.  To the extent responses are required, Guidepoint denies same.

123.    Guidepoint denies the allegations asserted in Paragraph 123 of the Amended Complaint.

**WHEREFORE**, Defendant, Guidepoint Global LLC, hereby demands judgment against Plaintiffs, O&M Halyard, Inc. and Owens & Minor Distribution, Inc., on all counts asserted in the Amended Complaint, an award of its attorneys' fees and costs under 15 U.S.C. § 1117(a) as an exceptional case, and any further relief as the Court deems just and warranted under the circumstances.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by virtue of their failure to state any claims upon which relief can be awarded.  As to the appeal (Count I), the Trial Decision is memorialized in a *77-page opinion* that extensively discusses and memorializes the factual findings made by the TTAB.  It was rendered after over one year of discovery that involved extensive document demands, interrogatories, request to admit, and depositions, summary judgment briefing, and a trial hearing conducted on January 18, 2025.  Risking a colloquialism, there was "no stone left unturned."  As such, there is no factual or legal basis on which the appeal can legitimately rest as there were no mistakes and no new evidence can legitimately be uncovered now.  Instead, Plaintiff simply seeks a "re-do" before a different fact-finder.

As to the infringement-related claims (Counts II-VI), the likelihood of confusion inquiry that is central to all of the claims asserted by the Plaintiffs is actually a balancing of several smaller factual inquiries.  *See, e.g.*, *Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150, 158 (4th Cir. 2014) (factors to consider in connection with the likelihood of confusion).  Those factors do not weigh in favor of any likelihood of confusion.  There is no relatedness of services, no similarity in advertising, no customer or channel of trade overlap, no bad faith intent to confuse, and no actual (or likely confusion), particularly given the sophistication of the customers, the expense of the parties' respective services, and the lengthy purchasing process.

As to the final claim, declaratory judgment as to ownership (Count VII), there is no evidence that O&M Halyard, which was formed thirteen years after O&M Distribution acquired the trademark at issue from its original owner (non-party 5nQ), has owned or used the trademark. Instead, all facts and evidence demonstrate that only Owens & Minor Distribution has been the party controlling, using, and supervising the use of the '878 Mark and offering services under same to customers.  On the filing date of the application for registration of the QSIGHT trademark that

forms the basis of Plaintiffs' allegations, the asserted QSIGHT trademark was owned by O&M Distribution and not the alleged owner O&M Halyard, and that application and the resulting registration are void *ab initio*. This affirmative defense is also the subject of Guidepoint's counterclaims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, as a result of Plaintiffs' unclean hands or, at a minimum, Plaintiffs are liable for Guidepoint's attorneys' fees and costs under 15 U.S.C. § 1117(a). Since the inception of this lawsuit—and in the underlying proceedings being appealed here—Plaintiffs have misrepresented and tortured the factual record beyond recognition. To illustrate, despite nearly every fact adduced during an extensive discovery period weighing against Plaintiffs, they continue to pursue the same meritless claims. Plaintiffs even go so far as to attempt to retroactively cure ownership issues through a purported September 2025 licensing agreement (Am. Compl. at ¶ 25), and join additional junior marks in an attempt to bolster their claims (marks that were swift dismissed by this Court). (*See* Mar. 11, 2026 Order [Dkt. No. 35].) Plaintiffs' present pleading includes allegations that were "Confidential" in the underlying proceedings (Am. Compl. at ¶¶ 57, 58, 86, 87, & 98), as well as blatant misrepresentations as to the record, including, without limitation, as to Guidepoint's positions concerning its services in the TTAB proceedings. (*Id.* at ¶ 56.)

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff, Guidepoint Global LLC ("*Guidepoint*"), by way of this Counterclaim against Plaintiffs/Counterclaim Defendants, O&M Halyard, Inc. ("*O&M Halyard*") and O&M Distribution, Inc. ("*O&M Distribution*" and, with O&M Halyard, the "*Counterclaim Defendants*"), alleges and states as follows:

24

**INTRODUCTION**

1.    O&M Halyard contends to be the owner of U.S. Registration No. 5739878 (the "*'878 Mark*").  However, as discovery will reveal, O&M Distribution has been the party using the '878 Mark and providing services thereunder, and was the owner of the rights in the underlying trademark when the application for the '878 Mark was filed.

2.    Since that time, despite claiming nominal ownership of the '878 Mark, O&M Halyard has played no role in its use in commerce and has taken no steps to control the nature and quality of the services provided under that trademark.

3.    For these reasons, the cancellation of the '878 Mark is warranted under 15 U.S.C. § 1119 as a result of O&M Halyard's non-ownership of the '878 Mark, which renders it application to register void *ab initio*.  Even if O&M Halyard is the owner of the '878 Mark, cancellation would be warranted for abandonment by naked licensing.

**THE PARTIES**

4.    Upon information and belief, O&M Halyard is a Virginia corporation with a principal place of business located at 10900 Nuckols Road Suite 400, Glen Allen, Virginia, 23060.

5.    O&M Halyard purports to be the owner of a trademark involving the word element "QSight", which is the subject of the '878 Mark.

6.    Upon information and belief, Owens & Minor Distribution is a Virginia corporation with a principal place of business located at 10900 Nuckols Road Suite 400, Glen Allen, Virginia, 23060.

7.    Guidepoint is a New York limited liability company with a principal place of business located at 675 Avenue of the Americas, 2nd Floor, New York, New York 10010. Guidepoint is the owner of two registered trademarks: QSIGHT (U.S. Registration No. 6285787

25

(the "*'787 Mark*")) and GUIDEPOINT QSIGHT (U.S. Registration No. 6231233 (the "*'233 Mark*") and, with the '787 Mark, the "*Guidepoint Marks*").

## JURISDICTION AND VENUE

8.      The counterclaims asserted herein as compulsory counterclaims required to be brought in this appeal and infringement action pursuant to Federal Rule of Civil Procedure 13(a). Accordingly, the Court has subject matter jurisdiction over these matters and venue is proper in this forum.

9.      As Counterclaim Defendants have availed themselves of this Court's authority and are domestic companies formed and existing under the laws of the State of Virginia, the Court may constitutionally exercise personal jurisdiction over the Counterclaim Defendants.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

10.      Upon information and belief, the clinical inventory management system that is the subject of the QSight trademark asserted by Plaintiffs in this case was created by non-party 5nQ Inc.

11.      Upon information and belief, on March 15, 2004, 5nQ, Inc. sold the QSight platform, and all attendant assets, contracts, software, and intellectual property (including the trademark asserted in this case) to Owens & Minor Distribution.

12.      Between March 15, 2004 and the present, Owens & Minor Distribution used the '878 Mark and directly managed the QSight business.

13.      On October 19, 2018, the application for the '878 Mark was filed, listing O&M Halyard as the owner of those trademark rights.

14.     However, at the time the application for the '878 Mark was filed, O&M Halyard was not the owner of the trademark rights underlying that application, as they had not been assigned from Owens & Minor Distribution to O&M Halyard.

15.     The '878 Mark was subsequently registered on April 30, 2019.  The registration alleges use of that trademark in International Class 35 in connection with "[c]linical inventory management services[.]"

16.     For the entire life of the trademark that is the subject of the '878 Mark, O&M Halyard has played no role in the provision of the underlying services. O&M Halyard performs no quality control activities to ensure a consistent nature and quality of the services provided under the '878 Mark.

17.     The sole extent of O&M Halyard's involvement with the provision of services under the '878 Mark are a few sentences in an invalid license agreement. Those sentences do not correspond to any actual activity taken by O&M Halyard to monitor or control the nature and quality of the services provided under the '878 Mark.

**FIRST COUNTERCLAIM**
**Cancellation of the '878 Mark for Non-Ownership Pursuant to 15 U.S.C. § 1119**

18.     Guidepoint repeats and realleges the foregoing allegations as if set forth at length herein.

19.     This Court has the authority to render declaratory judgments pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 in connection with any case or controversy within its jurisdiction.

20.     Under 15 U.S.C. § 1119, this Court has the authority to determine the right to registration as well as cancel trademark registrations.

21.     Under 15 U.S.C. § 1051(a)(1), only the owner of a trademark used in commerce is entitled to obtain the registration of the trademark.

22.     An application for registration of a trademark by an entity that is not the owner of the trademark is void *ab initio*.

23.     When the application for the '878 Mark was filed on October 19, 2018, it claimed that the owner of its underlying trademark rights was O&M Halyard.

24.     However, at no time prior to or on the filing date of the application for the '878 Mark was O&M Halyard the owner of the trademark rights underlying the '878 Mark. Instead, those rights were owned by Owens & Minor Distribution.

25.     Upon information and belief, the clinical inventory management services and business underlying the '878 Mark were acquired by Owens & Minor Distribution in 2004 from a company called 5nQ, Inc.

26.     From the acquisition of the rights underlying the '878 Mark through the filing date of the '878 Mark, no rights to the trademark or business were assigned from Owens & Minor Distribution to O&M Halyard, meaning that Owens & Minor Distribution was the owner of those underlying rights on the filing date of the '878 Mark.

27.     Based on the foregoing, the TTAB previously found that on the filing date of the application underlying the '878 Mark, O&M Halyard did not own the trademark and, as such, the application was void *ab initio* and the resulting registrations were invalid.

28.     Guidepoint therefore respectfully seeks the entry of an Order from this Court cancelling the '878 Mark's registration as void *ab initio* due to lack of ownership.

29.     Given the substantive strength of Guidepoint's position and the deliberate and willful manner in which Plaintiffs seek to misrepresent and torture the record, the commencement

of this appeal and infringement action on meritless ownership allegations is evidence of the unreasonable and vexatious manner in which Plaintiffs are pursuing this case. This action is therefore an exceptional case, rendering fee-shifting appropriate.

## SECOND COUNTERCLAIM
### Cancellation of the '878 Mark for Naked Licensing

30.    Guidepoint repeats and realleges the foregoing allegations as if set forth at length herein.

31.    A trademark owner has the obligation and duty to control the nature and quality of the services provided under their trademark, whether those services are provided directly from the trademark owner or through a license by a third party.

32.    Naked licensing exists where a trademark owner/licensor grants permission to others to use the trademark but does not undertake appropriate steps to ensure a consistent quality of the goods and services offered under the trademark.

33.    In instances of naked licensing, the trademark at issue loses its significance as an indicator of source and the underlying trademark rights are deemed abandonment.

34.    Assuming solely in the alternative that O&M Halyard is the owner of the '878 Mark, then it has engaged in naked licensing by failing to control Owens & Minor Distribution's provision of clinical inventory management services under that trademark.  As such, the '878 Mark has ceased functioning as a symbol of quality and a particular source and has been abandoned.

35.    Upon information and belief, O&M Halyard did not, and has not, controlled Owens & Minor Distribution's use of the '878 Mark or provision of services under that trademark.

36.    Indeed, the sole basis on which O&M Halyard has claimed control over the trademark's use was the existence of several lines of text in an invalid licensing agreement.

29

37.    Upon information and belief, O&M Halyard did not engage in any actual activities through which it might control the nature and quality of the services offered under the '878 Mark.

38.    In short, O&M Halyard failed to exercise any degree of control over Owens & Minor Distribution's use of the '878 Mark or the provision of services under the '878 Mark and no special relationship exists among those companies that would excuse same.

39.    Consequently, even assuming solely in the alternative and for purposes of this counterclaim that O&M Halyard is the owner of the trademark reflected in the '878 Mark and business related thereto, then cancellation of the registration and a finding of abandonment of the trademark rights is still warranted as O&M Halyard has abandoned the trademark through naked licensing.

40.    Given the substantive strength of Guidepoint's position and the deliberate and willful manner in which Plaintiffs seek to misrepresent and torture the record, the commencement of this appeal and infringement action is evidence of the unreasonable and vexatious manner in which Plaintiffs are pursuing this case.  This action is therefore an exceptional case, rendering fee-shifting appropriate.

**WHEREFORE**, Defendant/Counterclaim Plaintiff, Guidepoint Global LLC, hereby demands the entry of judgment in its favor and against Plaintiffs/Counterclaim Defendants, O&M Halyard, Inc. and Owens & Minor Distribution, Inc. on the foregoing counterclaims as follows:

(a)    The entry of an Order cancelling the '878 Mark on the basis of non-ownership or, in the alternative, on the basis of abandonment through naked licensing;

(b)    An award of all compensatory and consequential damages;

(c)    An award of Guidepoint's attorneys' fees and costs under 15 U.S.C. § 1117(a) in light of the exceptional nature of this case and Plaintiffs' vexatious litigation conduct; and

(d)    Any further relief the Court deems just and warranted under the circumstances.


Dated:  March 25, 2026                          Respectfully submitted,

                                                **GUIDEPOINT GLOBAL, LLC**

                                                *By Counsel*

                                                  /s/ Karima T. Thompson
                                                Karima T. Thompson
                                                VSB No. 96541
                                                **BUCHANAN INGERSOLL & ROONEY PC**
                                                1700 K Street, NW, Suite 300
                                                Washington, D.C. 20006
                                                Telephone: (202) 452-7996
                                                Fax: (202) 452-7989
                                                Email: karima.thompson@bipc.com

                                                And

                                                By: */s/ William W. Stroever*
                                                William W. Stroever (admitted *pro hac vice*)
                                                Elizabeth A. Carbone (admitted *pro hac vice*)
                                                Mia A. Ritota (admitted *pro hac vice*)
                                                **COLE SCHOTZ P.C.**
                                                25 Main Street
                                                Hackensack, New Jersey 07601
                                                Telephone: (201) 525-6237
                                                Fax: (201) 678-6237
                                                Email: wstroever@coleshotz.com
                                                Email: ecarbone@coleschotz.com
                                                Email: mritota@coleschotz.com

                                                *Counsel for Defendant Guidepoint Global, LLC*


31

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March, 2026, I caused the above Answer With Affirmative Defenses And Counterclaims to be filed via the Court's electronic filing system which will serve all counsel of record in the above-captioned matter.

*/s/ Karima T. Thompson*
Karima T. Thompson