IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

O&M HALYARD, INC., *et al.*,              )
                                          )
       Plaintiffs,                   )
                                          )
                                          )   Civil Action No. 1:25-cv-01568 (AJT/WBP)
vs.                                       )
                                          )
GUIDEPOINT GLOBAL LLC,                    )
                                          )
       Defendant.                    )

## JOINT PROPOSED DISCOVERY PLAN

In accordance with the Court's March 25, 2026, Order (Dkt. #44), Plaintiffs O&M Halyard, Inc. and Owens & Minor Distribution, Inc. (collectively, Plaintiffs) and Defendant Guidepoint Global, LLC ("Defendant"), hereby submit this Joint Proposed Discovery Plan.

### I.      Rule 26(f) Conference.

On April 6, 2026, counsel for the parties conferred via Zoom concerning the matters delineated in Federal Rule of Civil Procedure 26(f). Pursuant to Rule 26(f), the parties considered the nature and basis of their claims and defense.

Although the parties will endeavor to try the case as expeditiously as possible, the collective view of the parties is that this case may require as many as four days to try.

<u>Plaintiffs:</u>

As there is new evidence, the Court should review this case *de novo* and has allowed for additional discovery. To that end, Plaintiffs believe the following discovery is needed in this case: the exchange of additional documents, discovery requests, expert reports, and depositions. Plaintiffs anticipate taking several depositions, including fact witness depositions, expert witnesses, and a Fed. R. Civ. P. 30(b)(6) witness deposition.

Defendant:

Defendant anticipates that it will take traditional discovery in this case, including interrogatories, requests for admission, documents requests, depositions, and potentially expert discovery. Defendant further anticipates the need to subpoena any third parties identified by Plaintiffs in the case who may have discoverable information for testimony and document production.

## II.    Discovery Deadlines.

| | |
|---|---|
| Discovery Opens | March 25, 2026 |
| Deadline to exchange disclosures pursuant to FRCP 26(a)(1) | April 6, 2026 |
| Pretrial Conference | April 15, 2026 |
| Deadline for Plaintiffs and Counterclaim Plaintiff to make expert disclosures pursuant to E.D. Va. Local Rule26(D)(2) | June 15, 2026 |
| Deadline for Defendant and Counterclaim Defendant to make expert disclosures pursuant to E.D. Va. Local Rule 26(D)(2) | July 15, 2026 |
| Deadline for Plaintiffs' and Counterclaim Plaintiffs' contradictory or rebuttal expert evidence pursuant to E.D. Va. Local Rule 26(D)(2) | July 30, 2026 |
| Discovery closes | August 14, 2026 |
| Deadline to file disclosures pursuant to FRCP 26(a)(3), including, trial exhibit lists, witnesses to be called at trial, and written stipulation of uncontested facts. | August 20, 2026 |
| Final Pretrial Conference | August 20, 2026 |
| Parties must file objections to exhibits | August 30, 2026 |

## III.    Discovery Limitations.

Pursuant to the Court's Order (Dkt. #44), each party is limited to five non-party, non-expert witness depositions and may not serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of court. The parties recognize that identifying non-party witnesses who may need to be deposed at this juncture is difficult and believe there is a not insignificant chance that

both parties will seek leave of court to depose in excess of five such witnesses. The parties jointly request that obtaining leave of court is unnecessary if the parties agree in writing to extend the number of non-party, non-expert depositions.

The parties expect that the discovery limits set by the Federal Rules of Civil Procedure are appropriate in this case and do not anticipate any changes to the limitations on discovery beyond that discussed above

## IV.   Electronically Stored Information ("ESI").

Regarding ESI, the parties agree to conform to the sources and scope of production of ESI as is allowed by the Federal Rules of Civil Procedure and in this District.  The parties agree that for the format for the production of ESI, the parties shall produce documents and things as they are kept in the ordinary course of business and in TIFF, PDF, or another comparable format and with the inclusion of metadata.

## V.   Protective Order.

The parties have already exchanged a number of documents and have conducted depositions pursuant to the Standard Protective Order in place in TTAB proceedings.  In an effort to remain in compliance with the parties' obligations under the TTAB's Standard Protective Order and to encourage consistency in the present action, the parties have drafted a Proposed Protective Order that is consistent with the TTAB's Standard Protective Order and will move the Court to enter the same. This will prevent inconsistent confidentiality designations between the Cancellation and this action and uncertainty regarding the treatment of confidential documents.

## VI.   Subjects Upon Which Discovery May Be Needed.

For Plaintiffs:

- Halyard's ownership, licensing, and management of its QSIGHT marks;
- Halyard's use of its QSIGHT marks;

- Halyard's marketing, advertising, sale, and distribution of products sold under its QSIGHT marks;

- Halyard's former, current, and potential customers of products and services sold under its QSIGHT marks;

- Halyard's applications and registrations for its QSIGHT marks;

- The reputation and goodwill of Halyard's QSIGHT marks;

- Consumer confusion between Halyard's QSIGHT marks and Guidepoint's QSIGHT marks;

- Guidepoint's conception, creation, and adoption of Guidepoint's QSIGHT marks;

- Guidepoint's advertising and marketing of its QSIGHT marks;

- Guidepoint's former, current, and potential consumers of its QSIGHT marks;

- Guidepoint's sales related to products sold under its QSIGHT marks;

- Guidepoint's focus on the healthcare industry; and

- Guidepoint's knowledge of Halyard's QSIGHT marks prior to adopting Guidepoint's QSIGHT marks.

For Defendant:

- Plaintiffs' alleged ownership of the asserted QSIGHT trademark.

- The licensing arrangement between O&M Halyard and Owens & Minor Distribution regarding the asserted QSIGHT trademark.

- The nature of the services provided by the Parties under the respective trademarks.

- The Parties' customers for their respective services offered under their respective trademarks.

- The Parties relationships with their respective customers.

- The nature and extent of the Parties advertising for their respective services.

- The nature and extent of any allegations of actual confusion between the Parties' respective services.

- Plaintiffs' allegations of the fame of their asserted QSIGHT trademark.

## VII.    Privilege Claims.

At this time, the parties have not identified any issues regarding privileged materials.  The parties agree that information as to which privilege is claimed will be identified on a log made within a reasonable time following the filing of objections in discovery made under the Local Rules of Civil Procedure.

Respectfully submitted this 8th day of April 2026.

| PLAINTIFFS O&M HALYARD, INC. & OWENS & MINOR DISTRIBUTION, INC. | DEFENDANT GUIDEPOINT GLOBAL LLC |
|---|---|
| By:    /s/ Mark J. Krudys<br>Counsel<br><br>Mark J. Krudys (VSB# 30718)<br>THE KRUDYS LAW FIRM, PLC<br>Truist Place<br>919 E. Main Street, Suite 2020<br>Richmond, VA 23219<br>Phone: (804) 774-7950<br>Email: mkrudys@krudys.com<br><br>Andrea E. Bates<br>Pro Hac<br>Elizabeth Poland Andujar<br>Pro Hac<br>BATES & BATES LLC<br>1890 Marietta Boulevard NW<br>Atlanta, Georgia 30318<br>Phone: (404) 228-7439<br>Email: abates@bates-bates.com<br>Email:  eandujar@bates-bates.com<br><br>Stephen D. Howen | By Counsel<br><br> /s/ Karima T. Thompson<br>Karima T. Thompson<br>VSB No. 96541<br>BUCHANAN INGERSOLL & ROONEY PC<br>1700 K Street, NW, Suite 300<br>Washington, D.C. 20006<br>Telephone: (202) 452-7996<br>Fax: (202) 452-7989<br>Email: karima.thompson@bipc.com<br><br>And<br><br>By: /s/ William W. Stroever<br>William W. Stroever (admitted pro hac vice)<br>Elizabeth A. Carbone (admitted pro hac vice)<br>Mia A. Ritota (admitted pro hac vice)<br>COLE SCHOTZ P.C.<br>25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 525-6237<br>Fax: (201) 678-6237<br>Email: wstroever@coleschotz.com |

| | |
|---|---|
| Pro Hac<br>Law Offices of Steve Howen<br>7111 Bosque Boulevard<br>Suite 300<br>Waco, Texas 76710<br>Phone: ((214) 460-4856<br>Email: steve@stevehowenlegal.com | Email: ecarbone@coleschotz.com<br>Email: mritota@coleschotz.com |