IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

O&M HALYARD, INC., *et al.*,                     )
                                                )
      Plaintiffs,                          )
                                                )
                                                )   Civil Action No. 1:25-cv-01568 (AJT/WBP)
vs.                                             )
                                                )
GUIDEPOINT GLOBAL LLC,                          )
                                                )
      Defendant.                           )

## PROTECTIVE ORDER

It is hereby Ordered that the following provisions shall govern claims of confidentiality in these proceedings:

### 1. Scope and Application

This Order shall govern all information produced in this litigation, including all designated discovery depositions, testimony depositions, declarations and affidavits, deposition exhibits and testimony exhibits, interrogatory answers, admissions, documents, electronically stored information ("ESI"), and all other discovery and testimony materials, whether produced informally, as part of mandatory disclosures, or in response to interrogatories, requests for admissions, requests for production of documents, or other methods of discovery. The bounds of discovery described above shall include all discovery productions, depositions, testimony, and other materials produced in the Parties' Trademark Trial and Appeal Board dispute and introduced by motion into this case. To the extent the terms of this Order conflict with the previous Protective Order from the Trademark Trial and Appeal Board, the terms of this Order shall govern. This Order shall also govern any designated information produced or provided pursuant to required disclosures under any applicable federal procedural rule and any supplementary disclosures thereto. As used in this Order, the term "information" covers documentary material, ESI, testimony, and any other information provided during the course of this litigation.

This Order shall apply to the parties, their counsel, and to any nonparty from whom discovery or testimony may be sought in connection with this proceeding and who desires the protection of this Order.

### 2. Classes of Protected Information

The following documents and information may be designated as protected, provided that such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

    **(a)**    **CONFIDENTIAL:** Material to be shielded from public access. This designation may apply to:
- All information and materials that have not been made public, the disclosure of which the

1

disclosing party contends could cause harm to its business operations or provide improper advantage to others.

**(b)    CONFIDENTIAL – ATTORNEYS' EYES ONLY (Trade Secret/Commercially Sensitive):** Material to be shielded from public access, restricted from access by parties (other than outside counsel), and available for review only by outside counsel for the parties and, subject to the provisions of Sections 6 and 7 below, by independent experts or consultants for the parties. This designation may apply to:

- Sensitive technical information, including current research, development, and manufacturing information;
- Sensitive business information, including highly sensitive financial or marketing information;
- Competitive technical information, including technical analyses or comparisons of competitors' products or services;
- Competitive business information, including non-public financial and marketing analyses, media scheduling, comparisons of competitors' products or services, and strategic product/service expansion plans;
- Personal health or medical information;
- An individual's personal credit, banking, or other financial information;
- Any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Order the producing party reasonably and in good faith believes would likely cause harm.

**(c)    Additional Designations:** If any party believes that a document not described in the above paragraphs should nevertheless be considered confidential, that party may make application to the Court. Such an application shall only be granted for good cause shown.

### 3. Information Not to Be Designated as Protected

Information may not be designated as subject to any form of protection under this Order if it:
- (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Order;
- (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information;
- (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession;
- (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or
- (e) is disclosed by a non-designating party with the approval of the designating party.

### 4. Access to Protected Information

The provisions of this Order regarding access to protected information are subject to modification by written agreement of the parties or their attorneys and approval by the Court.

**(a)    Definitions:**
- **Parties** are defined as including individuals, in-house counsel, officers of corporations, partners of partnerships, members of limited liability companies/corporations, and management employees of any

type of business organization.

- **Attorneys for parties** are defined as outside counsel, including support staff operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction.
- **Independent experts or consultants** include individuals retained by a party for purposes related to prosecution or defense of the proceeding but who are not current or former employees, officers, members, directors, or partners of any party, affiliates of any party, or the attorneys of any party or its affiliates, or competitors to any party, or employees or consultants of such competitors with respect to the subject matter of the proceeding.
- **Non-party witnesses** include any individuals to be deposed during discovery or trial, whether willingly or under subpoena.

**(b)      Access to CONFIDENTIAL Information:** Documents and information designated "CONFIDENTIAL" shall be shown only to the attorneys for parties, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation.

**(c)      Access to CONFIDENTIAL – ATTORNEYS' EYES ONLY Information:** Outside counsel, but not in-house counsel or parties, shall have access to information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY (Trade Secret/Commercially Sensitive).

**(d)      Independent Experts or Consultants and Non-Party Witnesses:** Independent experts or consultants, non-party witnesses, and any other individual not otherwise specifically covered by the terms of this Order may be afforded access to CONFIDENTIAL information in accordance with Paragraphs 6 and 7 below. Independent experts or consultants may have access to CONFIDENTIAL – ATTORNEYS' EYES ONLY information if such access is agreed to by the parties or ordered by the Court, in accordance with Paragraphs 6 and 7 below.

**(e)      Court Personnel and Court Reporters:** Court reporters, stenographers, video technicians, or others who may be employed by the parties or their attorneys to perform services incidental to this proceeding will be bound only to the extent that the parties or their attorneys make it a condition of employment or obtain agreements from such individuals in accordance with Paragraph 6 below.

### 5. Use of Confidential Information

The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation. Disclosure of information protected under the terms of this Order is intended only to facilitate the prosecution or defense of this proceeding. The recipient of any protected information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using, disseminating, retaining, returning, and destroying the information.

### 6. Disclosure to Any Individual

Prior to disclosure of protected information by any party or its attorney to any individual not already

provided access to such information by the terms of this Order, the individual shall be informed of the existence of this Order and provided with a copy to read. The individual will then be required to certify in writing that the Order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected information until the party or attorney proposing to disclose the information has received the signed certification from the individual. A form for such certification is attached hereto as Exhibit A. The party or attorney receiving the completed form shall retain the original.

### 7. Disclosure to Independent Experts or Consultants

In addition to meeting the requirements of Paragraph 6, any party or attorney proposing to share disclosed information that has been designated CONFIDENTIAL – ATTORNEYS' EYES ONLY (Trade Secret/Commercially Sensitive) with an independent expert or consultant must also notify the party who designated the information as such. Notification must be personally served or forwarded by certified mail, return receipt requested, or by email, and shall provide notice of the name, address, occupation, and professional background of the expert or independent consultant. The party or its attorney receiving the notice shall have ten (10) business days to object to disclosure to the expert or independent consultant.

If objection is made, the parties must negotiate in good faith the issue before raising it before the Court. If the parties are unable to settle the dispute, it shall be the obligation of the party or attorney proposing disclosure to bring the matter before the Court with an explanation of the need for disclosure and a report on the efforts the parties have made to settle their dispute. The party objecting to disclosure will be expected to respond with its arguments against disclosure, or its objections will be deemed waived.

### 8. Designation Procedures

**(a)** **Documents and Written Discovery:** An attorney for the producing party may designate documents or parts thereof as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by stamping or marking the appropriate designation on each page. Responses to interrogatories  and requests for admissions (whether in paper or electronic form) that the responding party reasonably believes to contain protected information shall be prominently stamped or marked with the appropriate designation. If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices with the appropriate confidentiality designation, and incorporate by reference the appended material into the responses.

**(b)** **Production of Documents:** If a party responds to requests for production by making copies and forwarding the copies to the inquiring party, including ESI, then the copies shall be prominently stamped or marked with the appropriate designation. If the responding party makes documents available for inspection and copying by the inquiring party, all documents shall be considered protected as "CONFIDENTIAL" during the course of inspection. After the inquiring party informs the responding party what documents are to be copied, the responding party will be responsible for prominently stamping or marking the copies with the appropriate designation.

**(c)** **Depositions:** At the time of a deposition or within thirty (30) days after receipt of the deposition transcript, a party may designate as protected specific portions of the transcript which contain confidential matters under the standards set forth in Paragraph 2 above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at a deposition that an answer would elicit confidential

information. Transcripts and all exhibits or attachments will be treated as CONFIDENTIAL for this 30-day period. During that 30-day period, either party may designate the portions of the transcript and any specific exhibits or attachments that are to be treated as protected by electing the appropriate designation from Paragraph 2. If no such designations are made within the 30-day period, then the entire transcript and exhibits will be considered unprotected. Any portions of a transcript designated as protected shall thereafter be treated in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked with the appropriate designation by the reporter.

Protected documents produced during an oral discovery deposition or offered into evidence during a testimony deposition shall be noted appropriately as such by the producing or offering party at the outset of any discussion of the document or information contained in the document. If testimony includes protected information, the interested party shall, to the extent practical under the circumstances, make note on the record of the protected nature of the information.

### 9. Inadvertent Disclosure and Late Designation

**(a)     No Waiver:** The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Inadvertent disclosure of information that the disclosing party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error.

**(b)     Late Designation:** informing all adverse parties in writing of the error. The receiving party shall treat the disclosed information in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof. Prior disclosure of material later designated as protected shall not constitute a violation of this Order.

**(c)     Inadvertent Production of Privileged Materials:** If a disclosing party through inadvertence produces or provides discovery material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the disclosing party may give written notice to the receiving party that the discovery material is deemed privileged and that return of the material is requested. Upon such written notice, the receiving party shall immediately gather the original and all copies of the material of which the receiving party is aware and shall immediately return the original and all such copies to the disclosing party.

### 10. Review and Acceptance of Confidential Information

Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production. Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection.

### 11. Challenges to Designations

**(a)     Good-Faith Resolution:** If a party believes that a document designated or sought to be designated as confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel.

**(b)** **Court Resolution:** In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. A challenge to the designation of information as protected must be made substantially contemporaneous with the designation, or as soon as practicable after the basis for challenge is known. When a challenge is made long after a designation of information as protected, the challenging party will be expected to show why it could not have made the challenge at an earlier time. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

**12. Filing Material with the Court**

**(a)** **General Filing Requirements:** The parties shall comply with the Eastern District of Virginia's Steps for E-Filing Sealed Documents in Civil cases and **Local Rule 5** if they wish to move to file a document under seal.

**13. Other Rights of the Parties and Attorneys**

This Order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial. Nor shall this Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

**14. Return or Destruction of Protected Materials**

Within sixty (60) days after the final termination of this proceeding (including all appellate proceedings or the expiration of time for filing an appeal), all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

**15. Cost Allocation**

In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

**16. Retention of Jurisdiction**

This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

| PLAINTIFFS O&M HALYARD, INC. & OWENS & MINOR DISTRIBUTION, INC. | DEFENDANT GUIDEPOINT GLOBAL LLC |
|---|---|
| By:   /s/ Mark J. Krudys<br>Counsel | By Counsel<br><br> /s/ Karima T. Thompson |
| Mark J. Krudys (VSB# 30718) | Karima T. Thompson |

<table>
<tr>
<td>

THE KRUDYS LAW FIRM, PLC
Truist Place
919 E. Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
Email: mkrudys@krudys.com
Andrea E. Bates
Pro Hac
Elizabeth Poland Andujar
Pro Hac
BATES & BATES LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Phone: (404) 228-7439
Email: abates@bates-bates.com
Email:  eandujar@bates-bates.com

Stephen D. Howen
Pro Hac
Law Offices of Steve Howen
7111 Bosque Boulevard
Suite 300
Waco, Texas 76710
Phone: ((214) 460-4856
Email: steve@stevehowenlegal.com

</td>
<td>

VSB No. 96541
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 452-7996
Fax: (202) 452-7989
Email: karima.thompson@bipc.com

                    And

By: /s/ William W. Stroever
William W. Stroever (admitted pro hac vice)
Elizabeth A. Carbone (admitted pro hac vice)
Mia A. Ritota (admitted pro hac vice)
COLE SCHOTZ P.C.
25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 525-6237
Fax: (201) 678-6237
Email: wstroever@coleschotz.com
Email: ecarbone@coleschotz.com
Email: mritota@coleschotz.com

</td>
</tr>
</table>

**SO ORDERED:**

Dated: 9th day April 2026
        Alexandria, Virginia

_____

William B. Porter
United States Magistrate Judge

7