IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

O&M HALYARD, INC. &                          )
OWENS & MINOR DISTRIBUTION, INC.,            )
                                             )
                                             )   Case No. 1:25-cv-01568-AJT-WBP
                                             )
                                             )
        Plaintiffs,                          )
                                             )
vs.                                          )
                                             )
GUIDEPOINT GLOBAL LLC,                       )

        Defendant.

**PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM I**

Plaintiffs O&M Halyard, Inc. ("Halyard") and Owens & Minor Distribution, Inc. ("Distribution) (collectively, "Plaintiffs") hereby submit this Motion to Dismiss Defendant Guidepoint Global LLC's ("Guidepoint") Counterclaim I, respectfully showing the Court:

**I.      INTRODUCTION.**

Defendant's Counterclaim I should be dismissed for two reasons. First, it is duplicative of Plaintiff's Count I in the Amended Complaint, as it is asking the Court to resolve the identical legal issue and seeking identical relief. Dismissing duplicative claims promotes judicial economy and narrows the issues before the Court. Second, Guidepoint's Counterclaim I makes reference to both the Lanham Act and the Declaratory Judgment Act, making it unclear under which statute Defendant seeks to cancel Halyard's '878 Mark. Counterclaim I, however, fails to plead that an actual case or controversy exists to give this Court jurisdiction under the Declaratory Judgment Act. Thus, in the event the Court does not dismiss Counterclaim I for duplicity, the Court should

dismiss Counterclaim I to the extent it is seeking declaratory relief because Defendants failed to plead the essential jurisdictional element of an actual case or controversy.

## II.    BACKGROUND.

On September 18, 2025, Plaintiffs filed the Complaint initiating this matter.  [Dkt. No. 1.] On December 4, 2025, Plaintiffs filed the First Amended Complaint ("Am. Comp."), the operative pleading.  [Dkt. No. 12.]

On December 31, 2025, Defendant filed a partial motion to dismiss the Am. Compl., attacking Plaintiff's inclusion of several marks in Counts II, III, IV, VI, and VII.  [Dkt. No. 18.] The parties engaged in oral arguments on the merits of Defendant's partial motion to dismiss on February 4, 2026.  [*See* Dkt. No. 32.]  The Court granted Defendant's partial motion to dismiss on March 11, 2026, limiting Plaintiffs' claims to Halyard's QSIGHT trademark, U.S. Registration No. 5739878 (the "'878 Mark").  [Dkt. No. 35.]

On March 25, 2026, Guidepoint filed its Answer and two counterclaims: Cancellation of the '878 Mark for Non-Ownership Pursuant to 15 U.S.C. § 1119 ("Counterclaim I") and Cancellation of the '878 Mark for Naked Licensing ("Counterclaim II").

In lieu of filing is answer and affirmative defenses to Defendant's counterclaims, Plaintiffs submit this motion to dismiss Counterclaim I.

## III.    LEGAL STANDARDS & ARGUMENT.

### A.    Motion to Dismiss Legal Standards.

#### i.    Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This does not require

detailed allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "When a . . . complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descent into statements giving details of proof in order to withstand [a motion to dismiss]." *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 517 (2014) (quoting *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993)). The Court must accept all well-pled facts in the complaint as true and construe all facts in the light most favorable to the pleading party. *See SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)

### ii.  Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(1).

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint." *Edley-Worford v. Virginia Conf. of United Methodist Church*, 430 F.Supp.3d 132, 137 (E.D. Va. 2019). A motion to dismiss may challenge a court's subject matter jurisdiction under 12(b)(1) in two ways: facially or factually. When challenging a complaint facially, "a Rule 12(b)(1) motion may attack the complaint on its face, asserting simply that the complaint 'fails to allege facts upon which subject matter jurisdiction can be based." *Bryant v. Clevelands, Inc.*, 193 F.R.D. 486, 487-88 (E.D. Va. 2000) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Materson v. Stokes*, 166 F.R.D. 368, 370-71 (E.D. Va. 1996)). When reviewing a facial attack, "the facts alleged in the complaint are assumed to be true and the [claimant], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* (citing *Adams*, 697 F.2d at 1219).

"As the party alleging jurisdiction, [the claimant] bears the burden of proving that federal subject matter jurisdiction is proper. [The claimant] continues to shoulder this burden where a

3

defendant objects to a federal district court's assertion of jurisdiction." *Bryant*, 193 at 487-88 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Materson*, 166 F.R.D. at 370-71).

**B.      The Court Should Dismiss Defendant's Counterclaim I Because it is Duplicative.**

"When one claim is duplicative of another, the duplicative action 'fails to state a claim upon which relief can be granted' and 'provides criteria for defining issues for trial and for early disposition of inappropriate complaints.'" *Ross v. Independent Order of Foresters*, No. 4:23-cv-64, 2024 WL 2294876, at *2 (E.D. Va. Feb. 12, 2024) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)).

Defendant's Counterclaim I seeks cancellation of Halyard's QSIGHT trademark (the '878 Mark). [*See* Defendant's Counterclaims, Dkt. No 45 at ¶¶ 18-29.] Counterclaim I is duplicative of Halyard's Count I of the First Amended Complaint and, thus, should be dismissed for failure to state a claim upon which relief may be granted. [*See* Am. Compl., Dkt. No. 12 at ¶¶ 73-79.]

Halyard's Count I asks the Court for a *de novo* judicial review of the TTAB Final Order cancelling Halyard's '878 Mark. As the Court noted in its March 11, 2026 Order, the TTAB's cancellation of Halyard's '878 Mark was based on the TTAB's granting of Guidepoint's counterclaim challenging the Halyard's ownership (as opposed to its denial of Halyard's petition). [*See* Order, Dkt. No. 35 at n.11.] Thus, Guidepoint's Counterclaim I in this action asks the Court the answer the same question and for the same relief that was addressed and granted by the TTAB, namely, whether Halyard's '878 Mark should be cancelled based on a finding that Halyard is not the owner of the mark. [*Compare* Counterclaim I at ¶¶ 18-29 *with* Am. Compl. at ¶ 65 *and* TTAB Decision at 25, 28, 77.]

A review of the two possible dispositions of this case demonstrates the duplicity of Counterclaim I.   First, if the Court's *de novo* review of the TTAB's Final Order results in the Court's finding that Halyard is the owner of the '878 Mark and that the TTAB's granting of Guidepoint's counterclaim should be reversed, Guidepoint's Counterclaim I then asks the Court to resolve the exact same question—whether Halyard is the owner of the '878 Mark—and for the exact same relief—cancellation of the '878 Mark.   Second, if the Court's finds that the TTAB's Final Order should be upheld, Counterclaim I is moot, as it presents no new issues for the Court to resolve nor any relief that had not already been granted by the TTAB.

Thus, Counterclaim I is duplicative of Halyard's Count I and should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**C.      In the Alternative, the Court Should Dismiss Defendant's Counterclaim I Because there is no Actual Case or Controversy for a Declaratory Judgment Action.**

Defendant's Counterclaim I makes reference to both the Lanham Act and the Declaratory Judgment Act, making it unclear under which federal statute Defendant seeks to cancel the '878 Mark.  For example, the header to Counterclaim I states: "Cancellation of the '878 Mark for Non-Ownership Pursuant to **15 U.S.C. § 1119**," referencing the section of the Lanham Act granting federal courts the ability to order the cancellation of trademark registrations.  [Counterclaims at 27 (emphasis added); *see also* 15 U.S.C. § 1119.]  Then, the second paragraph under Counterclaim I states: "This Court has the authority to render **declaratory judgments** pursuant to **Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201** in connection with any case or controversy within its jurisdiction," citing to the Declaratory Judgment Act and the section of the Federal Rules of Civil Procedure relating to declaratory judgment actions.  [Counterclaim at ¶ 19 (emphasis added); *see also* FRCP 57 and 28 U.S.C. § 2201.]  To the extent that Defendant is seeking declaratory

relief in its Counterclaim I, the Court should dismiss this counterclaim with prejudice because Counterclaim I fails to establish an actual controversy for the purpose of the Declaratory Judgment Act. Furthermore, the Court should deny any request by Defendant for attorneys' fees pursuant to the Declaratory Judgment Act rather than the Lanham Act.

Courts in this District have considered whether a case or controversy exists under the Declaratory Judgment Act under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See Kettler Intern., Inc. v. Starbucks Corp.*, 55 F.Supp.3d 839, 846 (E.D. Va. 2014) (comparing cases applying either FRCP 12(b)(1) or 12(b)(6) to motion to dismiss declaratory judgment actions). "The Declaratory Judgment Act gives the federal courts 'in case of actual controversy within its jurisdiction' to 'declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Id.* (citing 28 U.S.C. § 2201(a)). The Supreme Court established that declaratory judgment actions should be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief though a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (citing *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotes omitted).

The Fourth Circuit has identified three elements to assist in assessing a motion to dismiss a declaratory judgment action. *Id.* "First, the complaint must allege an actual controversy between the parties of sufficient reality to warrant issuance of a declaratory judgment." *Id.* (quoting *Volvo Const. Equip. North America, Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004) (citing 28 U.S.C. § 2201)) (internal quotations omitted). "Second, there must be an independent basis for jurisdiction over the parties." *Id.* (citing *Vovlo*, 386 F.3d at 592). Lastly, "the court cannot abuse its discretion in exercising jurisdiction." *Id.*

6

Here, Defendant's Counterclaim I cannot satisfy the threshold requirement of alleging an actual controversy for the purposes of a declaratory judgment action. Counterclaim I merely declares that the Court has the authority authority to render declaratory judgments "in connection with any case or controversy within its jurisdiction," but does not actually state that any case or controversy exists in this present action, let alone identify it.

Even assuming *arguendo*, that Defendant is asserting that the case or controversy is the underlying TTAB proceeding, courts in this circuit and in other circuits have recognized, "the existence of a dispute before the TTAB is insufficient to establish sufficient adversity for the purposes of a declaratory judgment action." *Hogs and Heroes Foundation, Inc. v. Heroes, Inc.*, 202 F.Supp.3d 490, 495 (D. Md. 2016) (citing *Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*, 784 F.Supp.2d 391, 395 (S.D.N.Y. 2011)) (internal citations omitted); *see also Ascendia Pharmaceuticals, Inc. v. Ascendis Pharma A/S*, No. 20-15006, 2023 WL 3721003, at *4 (D.N.J. May 26, 2023) ("In general, a dispute before the TTAB is insufficient to establish an actual controversy for purposes of a declaratory judgment action.") (citing *J&D Home Improvement, Inc. Basement Doctor, Inc.*, 90 F. App'x 616, 619-20 (3d Cir. 2012); *Colur World, LLC v. Benco Dental Supply Co.*, No. 18-3265, 2019 WL 9100306, at *1 n.1 (E.D. Pa. Mar. 29, 2019) (collecting cases and explaining that "a single dispute before the TTAB is generally insufficient to establish a controversy for the purposes of a declaratory judgment action")). Thus, even if the Court were to give Counterclaim I a generous reading and assume the case in controversy is the TTAB proceeding, Defendant has failed to sufficiently plead the existence of an actual case or controversy to sustain a declaratory judgment action.

Accordingly, to the extent Counterclaim I is seeking relief under the Declaratory Judgment Act, it must be dismissed for failure to plead the essential element of an actual case or controversy.

## IV.    CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request the Court dismiss Counterclaim I in its entirety with prejudice.

Respectfully submitted this 15th day of April 2026.

<div style="margin-left: 45%;">

O&M HALYARD, INC. &
OWENS & MINOR DISTRIBUTION, INC.

By:    */s/ Mark J. Krudys*
Counsel

Mark J. Krudys (VSB# 30718)
THE KRUDYS LAW FIRM, PLC
Truist Place
919 E. Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
Fax: (804) 381-4458
Email: mkrudys@krudys.com

Andrea E. Bates
*Pro hac vice*
Elizabeth Poland Andujar
*Pro hac vice*
BATES & BATES LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Phone: (404) 228-7439
Email: abates@bates-bates.com
Email: eandujar@bates-bates.com

Stephen D. Howen
*Pro Hac*
Law Offices of Steve Howen
7111 Bosque Boulevard, Suite 305
Waco, Texas 76710
Phone: (254) 826-6526
Email: steve@stevehowenlegal.com

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2026, the foregoing document was served on all counsel of record via the Court's electronic filing system CM/ECF.

Dated: April 15, 2026

By: */s/ Mark J. Krudys*
Mark J. Krudys (VSB# 30718)

**CERTIFICATE OF CONFERENCE**

On April 15, 2026, counsel for Plaintiffs conferred with counsel for Defendant in compliance with LR 7(E) regarding the issues presented in Plaintiffs' Motion to Dismiss Defendant's Counterclaim I and whether the parties believed a hearing was necessary. To that end, Plaintiffs' counsel communicated to Defendant's counsel Plaintiffs' bases for dismissing Counterclaim I and Plaintiffs' position that no hearing is necessary for the disposition of this motion. Defendant stated that it did not consent to waiving oral argument. As such, counsel for Plaintiffs and Defendant agreed to be available on the following dates for oral argument: May 6, 2026 and May 13, 2026. If either of these dates are unavailable, counsel for Plaintiffs and Defendant respectfully request leave to schedule the hearing outside of the 30 days after the filing of this motion mandated by LR 7(E).

Dated: April 15, 2026

By: */s/ Mark J. Krudys*
Mark J. Krudys (VSB# 30718)

9