**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| O&M HALYARD, INC. and OWENS & MINOR DISTRIBUTION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GUIDEPOINT GLOBAL LLC,<br><br>Defendant. | Civil Action No. 25-cv-01568-AJT-WBP |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
COUNTERCLAIM ONE**

Of Counsel and On the Brief:

      Karima T. Thompson (VSB No. 96541)
      William W. Stroever (*pro hac vice*)
      Elizabeth A. Carbone (*pro hac vice*)
      Mia A. Ritota (*pro hac vice*)

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

LEGAL ARGUMENT ........................................................................................................... 1

     I.     DEFENDANT'S FIRST COUNTERCLAIM IS NOT DUPLICATIVE. .............. 2

     II.    PLAINTIFFS' ARGUMENT THAT THE COURT LACKS SUBJECT
          MATTER JURISDICTION IS FRIVOLOUS ......................................................... 4

CONCLUSION ....................................................................................................................... 6

i

## TABLE OF AUTHORITIES

<u>Pages</u>

**Cases**

*Ascendia Pharmaceuticals, Inc. v. Ascendis Pharma A/S*,
    2023 WL 3721003, at *4 (D.N.J. May 26, 2023) ........................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................................1

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................................1

*Clatterbuck v. City of Charlottesville*,
    708 F.3d 549 (4th Cir. 2013) .....................................................................................................1

*Hebb v. City of Asheville, North Carolina*,
    145 F.4th 421 (2025)..................................................................................................................4

*Hogs and Heroes Foundation Inc. v. Heroes, Inc.*,
    202 F.Supp.3d 490 (D. Md. 2016) .............................................................................................6

*J & D Home Improvement, Inc. v. Basement Doctor, Inc.*,
    90 F. App'x 616 (3d Cir. 2004) .................................................................................................6

*Matrix Capital Mgmt. Fund v. BearingPoint, Inc.*,
    576 F.3d 172 (4th Cir. 2009) .....................................................................................................1

*Nasalok Coating Corp. v. Nylok Corp.*,
    522 F.3d 1320 (Fed. Cir. 2008)..................................................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)...................................................................................................................1

*Vitol, S.A. v. Primrose Shipping Co.*,
    708 F.3d 527 (4th Cir. 2013) .....................................................................................................1

*Walters v. McMahan*,
    684 F.3d 435 (4th Cir. 2012) .....................................................................................................1

**Statutes**

15 U.S.C. § 1114.............................................................................................................................3

15 U.S.C. § 1119.............................................................................................................................5

15 U.2S.C. § 1121(a) .......................................................................................................................4

28 U.S.C. § 1338(a) ..............................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................................1

Rule 8(a)...............................................................................................................................1

**Other Authorities**

*McCarthy on Trademarks and Unfair Competition* § 30:109 (5th ed. 2026)...................................5

Defendant, Guidepoint Global, LLC ("Defendant"), respectfully submits this brief in opposition to the Motion to Dismiss Defendants' First Counterclaim (Dkt. 51) filed by Plaintiffs, O&M Halyard, Inc. and Owens & Minor Distribution, Inc. (collectively, "Plaintiffs") on April 15, 2026. Plaintiffs' Motion should be denied as a threadbare and baseless waste of both the Court's and the Parties' time and resources. The Motion is unsupported by any reasonable legal or factual basis, is contradicted by Plaintiffs' own representations to this Court, and should be denied outright.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) enables a defendant to move for dismissal by challenging the sufficiency of the plaintiff's complaint, or in this case of Defendant's First Counterclaim. *See* Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion should be granted only where the plaintiff has failed to "state a plausible claim for relief" under Rule 8(a). *Walters v. McMahan*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). To survive a Rule 12(b)(6) motion, a claim must be facially plausible, meaning the complaint must contain sufficient factual allegations, which if taken as true, "raise a right to relief above the speculative level" and "nudge[e] [the] claims across the line from conceivable to plausible," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vitol, S.A. v. Primrose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). A court deciding a 12(b)(6) motion may consider the facts alleged on the face of the complaint, "documents incorporated into the complaint by reference," and those matters properly subject to judicial notice. *Clatterbuck*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted); *Matrix Capital Mgmt. Fund v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor*

*Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In this case, Defendant's First Counterclaim is properly pleaded and Plaintiffs' Motion to Dismiss should be denied in its entirety.

### I.    DEFENDANT'S FIRST COUNTERCLAIM IS NOT DUPLICATIVE.

Defendant's First Counterclaim is not duplicative or redundant of Plaintiffs' first count of the Amended Complaint. Defendant's First Counterclaim alleges that the trademark registration asserted by Plaintiffs in this case is void *ab initio* because it was filed by an entity who was not the owner of the underlying trademark rights at the time of filing. (Dkt. 45 at 27-29). Plaintiffs argue that this counterclaim should be dismissed because it is duplicative of Count One of the Amended Complaint, which seeks broadly to reverse and vacate the final decision of the TTAB. More specifically, Count One of the Amended Complaint seeks reversal of the TTAB's decision on a number of broad, vague grounds, including a conclusory allegation that the "preponderance of evidence" and "refusal to consider substantial evidence" supports reversal, and that ambiguous "new evidence" further supports reversal. (Dkt. 12 at ¶¶ 76-78). In just three paragraphs, Plaintiffs' First Count purports to cover every argument raised at the TTAB level as well as future undefined arguments based on as-yet undisclosed evidence. Theoretically Plaintiffs' Count One could be granted on any of these reasons entirely unrelated to Defendant's First Counterclaim. It therefore cannot be said that Defendant's allegations in its First Counterclaim are wholly duplicative or redundant of the collection of vague and undefined allegations in Count One.

Plaintiffs' Motion to Dismiss must also be denied because Defendant's First Counterclaim addresses the new and independent trademark infringement claims brought by Plaintiffs in this case that were not present at the TTAB. This is not a situation where the only claims brought to this Court are identical to those raised at the TTAB. Instead, this is a case where Plaintiffs have alleged seven (7) new and independent counts of trademark infringement and dilution, which could

not have been heard by the TTAB. Defendant's First Counterclaim is independently relevant to each of these additional counts – not least of all Plaintiff's Count Four which alleges trademark counterfeiting under 15 U.S.C. § 1114. (Dkt. 12 at ¶¶ 95-100). The validity of any claim under 15 U.S.C. § 1114 depends on the existence of a trademark registration, and Defendant's First Counterclaim would be dispositive of that count regardless of what happens in the appeal of the TTAB decision. Each of Plaintiffs' additional infringement and dilution claims would be impacted by the granting of Defendant's First Counterclaim as that Counterclaim narrows the scope of rights Plaintiffs can claim. Indeed, if the TTAB appeal were to be returned to the TTAB for any reason other than outright legal reversal of the entire decision (for example: as a result of a procedural or other technical issue), Plaintiffs' independent trademark infringement and dilution claims would remain in this Court and would need to be addressed by Defendant's First Counterclaim.

The insincerity of Plaintiffs' allegation that Defendant's First Counterclaim is duplicative is highlighted by Plaintiffs' own Count Eight of the Amended Complaint (mislabeled in the Amended Complaint as Count Seven) seeking a declaration that O&M Halyard is the proper owner of the asserted trademark rights. (Dkt. 12 at ¶¶ 121-123). Plaintiffs' Motion to Dismiss is premised on the idea that Defendant's First Counterclaim for cancellation is duplicative because of the TTAB's final decision that Plaintiff O&M Halyard was not the owner of the asserted trademark registration. And yet Plaintiffs' Count Eight of the Amended Complaint seeks a declaratory judgment that O&M Halyard is the rightful owner of Plaintiffs' asserted trademark – an issue also addressed in the TTAB decision. Plaintiffs cannot have it both ways by arguing that Defendant's counterclaim for cancellation is duplicative of arguments made at the TTAB while seeking a declaratory judgment of an issue that was decided at the TTAB.

3

Plaintiffs' Motion to Dismiss should therefore be denied, as Defendant's First Counterclaim is not duplicative of any other claim in this case but is instead a response to the separate and independent infringement and dilution claims brought by Plaintiffs.

**II.    PLAINTIFFS' ARGUMENT THAT THE COURT LACKS SUBJECT MATTER JURISDICTION IS FRIVOLOUS**

Plaintiffs' argument that Defendant's First Counterclaim should be dismissed for lack of a case or controversy is similarly baseless. The case or controversy to which Defendant's First Counterclaim relates is Plaintiffs' allegation that there has been infringement of the asserted trademark registration.

In evaluating Defendant's First Counterclaim, this Court must accept all of the Counterclaim's factual allegations as true and draw all reasonable inferences in favor of the Defendant. *See Hebb v. City of Asheville, North Carolina*, 145 F.4th 421, 432 (2025). Defendant's Counterclaims very clearly identify the case or controversy that provides the subject matter jurisdiction for cancellation of Plaintiffs' asserted trademark registration. Defendant explicitly states in paragraph 8 of the Counterclaims that the Counterclaims are being brought "as compulsory counterclaims required to be brought in this appeal and infringement action". (Dkt. 45 at Counterclaims ¶ 8). The Counterclaims explicitly reference the case or controversy to which they relate, namely "this appeal and infringement action." Plaintiffs' willful blindness to this language should be enough to deny Plaintiffs' motion on those grounds alone.

The Lanham Act vests federal courts with original jurisdiction over all actions arising under the Lanham Act. 15 U.S.C. § 1121(a); *see also* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … trademarks."). As mentioned above, the Lanham Act further empowers district courts to order cancellation of federally-registered trademarks in whole or in part upon "any action involving a

4

registered mark." 15 U.S.C. § 1119. This cancellation remedy does not confer an independent basis for federal jurisdiction, but cancellation claims such as Defendant's First Counterclaim are typically brought as a counterclaim to a trademark infringement or unfair competition action. *See, e.g.*, *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1325 (Fed. Cir. 2008) ("[Section 1119] allows a trademark infringement defendant to assert a counterclaim to cancel the registration."); *McCarthy on Trademarks and Unfair Competition* § 30:109 (5th ed. 2026) ("a registration may be collaterally attacked in any civil action where validity of the mark is in issue. For example, a defendant charged with infringement of a registered mark may counterclaim for cancellation of that registration."). Plaintiffs have asserted several new counts of trademark infringement and dilution claims against Defendant in this case, and Defendant's First Counterclaim for cancellation is appropriately brought in this Court in response.

Plaintiffs' Motion to Dismiss ignores its own allegations of infringement completely, suggesting with mock-ignorance that the only possible case or controversy they can think of might be the TTAB proceeding below. (Dkt. 51 at 7). To address this straw-man argument Plaintiffs cite several cases for the proposition that a dispute before the TTAB "is insufficient to establish sufficient adversity for the purposes of a declaratory judgment action." *Id.* However, each of these cases is inapposite to the present factual situation, as those cases dealt with situations where a defendant to a TTAB action filed a separate and independent District Court case seeking cancellation apart from the underlying and ongoing TTAB case. None of the cases Plaintiffs cite in support of their Motion deals with the present situation where there is a case that contains both a TTAB appeal and separate infringement claims – i.e., a losing plaintiff at the TTAB filed an appeal and added new and separate trademark infringement claims and the defendant counterclaimed for cancellation. Indeed, the cases cited by Plaintiffs in their own memorandum of

5

law explicitly highlight the distinction between cases with and without accompanying infringement claims. *See, e.g.*, *Hogs and Heroes Foundation Inc. v. Heroes, Inc.*, 202 F.Supp.3d 490, 496-97 (D. Md. 2016) (dismissing declaratory judgment claim for cancellation where "Defendant's settlement discussions have not been paired with acts reflecting an imminent or coterminous infringement suit."). In one instance, Plaintiffs cite language from a District of New Jersey case *Ascendia Pharmaceuticals, Inc. v. Ascendis Pharma A/S*, 2023 WL 3721003, at *4 (D.N.J. May 26, 2023) ("In general, a dispute before the TTAB is insufficient to establish an actual controversy for purposes of a declaratory judgment action") despite the fact the citation immediately following the quote in that case expressly rejects Plaintiffs' position here: "*J & D Home Improvement, Inc. v. Basement Doctor, Inc.*, 90 F. App'x 616, 619-20 (3d Cir. 2004) (no 'actual controversy' where plaintiff sought declaratory 'relief in anticipation of the TTAB's ruling in its cancellation proceeding,' 'because the registration for [the plaintiff's] mark is valid, because no competing mark has been registered by [the defendant], and because no infringement claims have been made')". *See* 2023 WL 3721003, at *4 (D.N.J. May 26, 2023). Plaintiffs are of course aware that they have made claims for infringement against Defendant in this case, and Plaintiffs' own case citations rebut their argument that there is no case or controversy sufficient to confer subject matter jurisdiction on Defendant's counterclaims.

**CONCLUSION**

For all of the foregoing reasons, Plaintiffs' Motion to Dismiss (Dkt. 51) should be denied in its entirety.

Respectfully submitted,

**Guidepoint Global, LLC**

  */s/ Karima T. Thompson*
Karima T. Thompson

6

VSB No. 96541
**BUCHANAN INGERSOLL & ROONEY PC**
1700 K Street, NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 452-7996
Fax: (202) 452-7989
Email: karima.thompson@bipc.com


And


By: */s/ William W. Stroever*

William W. Stroever (admitted *pro hac vice*)
Elizabeth A. Carbone (admitted *pro hac vice*)
Mia A. Ritota (admitted *pro hac vice*)
**COLE SCHOTZ P.C.**
25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 525-6237
Fax: (201) 678-6237
Email: wstroever@coleschotz.com
Email: ecarbone@coleschotz.com
Email: mritota@coleschotz.com


*Attorneys for Defendant Guidepoint Global, LLC*


**DATED:** April 29, 2026

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2026, I filed the foregoing electronically. All counsel of record will receive notice of this filing through the Court's electronic filing system and may access this filing through the Court's system.

/s/ Karima T. Thompson
Karima T. Thompson
VSB No. 96541

8