IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

O&M HALYARD, INC. &                )
OWENS & MINOR DISTRIBUTION, INC.,  )
                                   )
                                   )  Case No. 1:25-cv-01568-AJT-WBP
                                   )
        Plaintiffs,                )
                                   )
vs.                                )
                                   )
GUIDEPOINT GLOBAL LLC,             )
                                   
        Defendant.

**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM I**

Plaintiffs O&M Halyard, Inc. ("Halyard") and Owens & Minor Distribution, Inc. ("Distribution) (collectively, "Plaintiffs") hereby submit this Reply in Support of its Motion to Dismiss Defendant Guidepoint Global LLC's ("Guidepoint") Counterclaim I, respectfully showing the Court:

**I.      Legal Argument & Authority.**

**A.      Defendant's Opposition misapprehends this Court's standard of review of the TTAB Ruling.**

Plaintiff's Motion to Dismiss (the "Motion") argues Defendant's Counterclaim I should be dismissed as duplicative of Plaintiffs' Count I.  Because new evidence exists relating to the key factual issues in this case, Plaintiffs' Count I asks the Court to conduct a *de novo* review of the TTAB Final Order which, based on its finding that Halyard is not the owner of its QSIGHT trademarks, cancelled Halyard's QSIGHT trademarks and denied Halyard's request to cancel Guidepoint's QSIGHT trademarks.  Defendant's Counterclaim I asks the Court to cancel Halyard's

QSIGHT trademarks on the basis that Halyard is not the owner of its QSIGHT trademarks. These causes of action are plainly duplicative.

Defendant's Opposition argues that its Counterclaim I is not duplicative of Plaintiff's Count I seeking review of the TTAB final decision because the Court could reverse the TTAB proceeding based on a procedural or technical issue. *See* Opposition at 3. Defendant argues that should the Court reverse the TTAB finding that Halyard is not the owner of its QSIGHT trademarks on a procedural error, Defendant's Counterclaim I is necessary in order for the Court to consider the ownership question. *Id.* This argument misapprehends this Court's *de novo* review of a TTAB decision.

In *Kappos*, the Supreme Court confirmed that "where new evidence is presented to the district court on a disputed fact question, a *de novo* finding will be necessary to take such evidence into account together with the evidence before the board." *Kappos v. Hyatt*, 566 U.S. 431, 444 (2012) (citing *Fregeau v. Mossinghoff*, 776 F.2d 1034, 1038 (1985)). In a *de novo* review, "the district court acts as a factfinder when new evidence is introduced" and "must assess the credibility of new witnesses and other evidence, determine how the new evidence comports with the existing administrative record, and decide what weight the new evidence deserves." *Id.* "As a logical matter, the district court can only make these determinations *de novo* because it is the first tribunal to hear the evidence in question." *Id.*

While *Kappos* focuses on a district court's review of a USPTO patent decision, courts and leading trademark authority have found that the *de novo* review rule in *Kappos* applies to trademark cases. *See* 3 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 21:21 (5th ed.). "This means that when new evidence is submitted in the district court, the court will conduct a de novo review of the *entire record*, including the evidence before the T.T.A.B. and the new evidence

is submitted on review.  A district court review of the T.T.A.B. is not an 'appeal' in the traditional sense: it is a fresh and de novo look at the issues." *Id.* (emphasis in original).

Because the Court's review of this case is *de novo*, the Court must take a look at the entire record anew and act as the ultimate fact finder on issues for which the parties have presented new evidence like, importantly, whether Halyard is the owner of its QSIGHT trademarks.[1]  Under *Kappos*, the Court will take the parties' new evidence concerning Halyard's ownership of its QSIGHT marks along with the entire TTAB record and act as the factfinder for that critical factual issue.  Based on the Court's factual findings—rather than a review of the TTAB's technical or procedural decisions—the Court will either find that Halyard is entitled to its registrations or that it is not entitled to its registrations.  While the evidence adduced during the TTAB proceeding may be relevant (assuming a party moves for its admission), the TTAB's procedural and legal analysis is irrelevant because this Court pays no deference to it. *See Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150, 155 (4th Cir. 2014) (holding that where a party presents new evidence to a district court reviewing a TTAB decision, the court gives no deference to the TTAB's findings).  In other words, the Court's resolution of Plaintiff's Count I will inherently dispose of Defendant's Counterclaim I, as the two claims are asking the *exact* same factual question and seeking the *exact* same relief, and the TTAB's technical and procedural decisions are irrelevant to that inquiry[2]

---

[1] The TTAB cancelled two of Halyard's QSIGHT trademarks, U.S. Reg. No. 5739878 and 6357539, on the finding that Halyard is not the owner of the marks.

[2] Defendant's argument that Plaintiffs' Count Eight seeking declaratory relief is also duplicative is disingenuous.  Plaintiffs' declaratory judgment claim relates to Halyard's QSIGHT Family of Trademarks, a term defined in the FAC to include 15 registered, pending, and common law trademarks.  *See* FAC at ¶¶ 14-15 (defining Halyard's QSIGHT Family of Trademarks), ¶ 122 (Plaintiffs' declaratory judgment cause of action relating to Halyard's QSIGHT Family of Trademarks).  Thus, though there is overlap in two of the marks at issue, Plaintiffs' Count Eight asks the Court to assess the ownership of *thirteen* additional marks, resulting in a different legal question and different relief.

Thus, Defendant's concern that the Court may reverse the TTAB's Final Order on technical or procedural grounds is inapposite and fundamentally misapprehends the Court's *de novo* review of this case.

**B.**   **Defendant fails to address that its declaratory judgment claim is not well-pleaded.**

Defendant's second argument in its Opposition lacks both form and substance, replacing any meaningful legal analysis and argument with unnecessary insults.  As an additional basis for dismissal, Plaintiffs' Motion asks the Court to dismiss Defendant's Counterclaim I to the extent Defendant seeks declaratory relief because Defendant fails to sufficiently plead a case and controversy exists pursuant to the Declaratory Judgment Act.  Defendant ignores both the nuance and the big picture, failing to clarify to the Court whether Defendant is, in fact, seeking declaratory relief and refusing to demonstrate how, if Defendant does seek such relief, it has sufficiently pled all essential elements to survive a motion to dismiss pursuant either 12(b)(1) or 12(b)(6).

As pointed out in the Motion, Defendant's Counterclaim I seeks to cancel Halyard's QSIGHT trademark for lack of ownership, appearing, at first glance, to rely on the Lanham Act in the heading of the cause of action.  [*See* Counterclaims at 27 (citing to the Lanham Act provision empowering federal courts to cancel a registered trademark, 15 U.S.C. § 1119).]  The second paragraph into Counterclaim I, however, references *an entirely different statute*—the Declaratory Judgment Act.  [*See* Counterclaims at ¶ 19 ("This Court has the authority to render **declaratory judgments** pursuant to **Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201** in connection with any case or controversy within its jurisdiction. . ..") (citing to Declaratory Judgment Act and Federal Rules of Civil Procedure relating to declaratory judgment actions) (emphasis added).]

In its Opposition, Defendant never addresses why Counterclaim I references two distinct federal statutes as the basis of the cause of action.  Plaintiff and the Court are still left to guess

whether Defendant is relying on the Lanham Act, 15 U.S.C. § 1119, or the Declaratory Judgment Act, 28 U.S.C. § 2201.  The uncertainty caused by Defendant's Counterclaim I and Defendant's subsequent refusal to clarify is exactly what the Federal Rules' pleading standards are designed to prevent.  Rule 8(a)(2) requires only a short and plain statement of the claim, but it must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).  Here, it is unclear *still* whether Defendant is seeking relief under the Lanham Act, the Declaratory Judgment Act, or both.  Defendant's refusal to clarify which federal statute it is relying on for Counterclaim I is not only perplexing but counter to the most basic tenets of the pleading standards set forth by the Federal Rules and Supreme Court precedent.  The question of whether Defendant is pursuing a declaratory judgment claim under the statute is not academic—the Declaratory Judgment Act provides a separate avenue to attorneys' fees.  Plaintiffs are entitled to know whether that avenue is open to Defendant.

Although Defendant refused to outright state that it was seeking relief under the Declaratory Judgment Act, Defendant musters significant energy and zeal arguing that a case and controversy exists in this case.  [Opposition at 4-6.]  This section of Defendant's Opposition dedicates multiple pages to slinging insults at Plaintiffs and obfuscating, but not once does Defendant point to a single factual allegation in its Counterclaims identifying the essential element of a case and controversy for a declaratory judgment claim.

Defendant snidely states, "Plaintiffs' Motion to Dismiss ignores its own allegations of infringement completely, suggesting with mock-ignorance that the only possible case or controversy they can think of might be the TTAB proceeding below." [Opposition at 5.]  It is not Plaintiffs' nor the Court's duty to *have to guess* the basis of Defendant's counterclaim; it is

Defendant's duty to plead sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when **the plaintiff pleads factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556) (emphasis added).

To be sure, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Defendant does not even do that much. To the extent Defendant seeks relief under the Declaratory Judgment Act, Defendant has failed to assert *any factual matter* to support such cause of action. Regarding declaratory relief, Defendant offers only one paragraph:

> 19. This Court has the authority to render declaratory judgments pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 in connection with any case or controversy within its jurisdiction.

[Counterclaim at ¶ 19.] Paragraph 19 is nothing more than a threadbare recital of the elements of a declaratory action claim. There are *no facts* substantiating this claim anywhere else in the Counterclaims or any other mention of a case or controversy. To survive the Motion, Defendant need only point to the paragraph(s) in its pleading where it asserts facts substantiating that a case or controversy exists between the parties pursuant to the Declaratory Judgment Act. Instead, Defendant slings three pages of insults at Plaintiffs and calls Plaintiffs' Motion frivolous. Defendant doth protest too much.

Because Defendant failed to identify or otherwise plead facts substantiating the essential jurisdictional element of a case and controversy under the Declaratory Judgment Act, the Court should dismiss Counterclaim I to the extent it seeks relief under the same.

**II.    Conclusion.**

For the foregoing reasons, Plaintiff respectfully requests the Court dismiss Defendant's Counterclaim I in its entirety with prejudice. Plaintiffs note the Court has set this matter for a hearing on Wednesday, May 13, 2026, at 10:00 a.m. in Alexandria Courtroom 900 before the Honorable Senior District Judge Trenga. [*See* April 20, 2026, docket minute entry.]

Respectfully submitted this 5th day of May 2026.

PLAINTIFFS O&M HALYARD, INC. &
OWENS & MINOR DISTRIBUTION, INC.

By*:     /s/ Mark J. Krudys*
Counsel

Mark J. Krudys (VSB# 30718)
THE KRUDYS LAW FIRM, PLC
Truist Place
919 E. Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
Email: mkrudys@krudys.com

Andrea E. Bates
*Pro hac vice*
Elizabeth Poland Andujar
*Pro hac vice*
BATES & BATES LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Phone: (404) 228-7439
Email: abates@bates-bates.com
Email: eandujar@bates-bates.com

Stephen D. Howen
*Pro Hac*
Law Offices of Steve Howen
7111 Bosque Boulevard, Suite 305
Waco, Texas 76710
Email: steve@stevehowenlegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, the foregoing document was served on all counsel of record via the Court's electronic filing system CM/ECF.

Dated: May 5, 2026

By:   */s/ Mark J. Krudys*
Mark J. Krudys (VSB# 30718)

8